## MARY A. MOORE, *ex parte*

A creditor of the deceased had a right, under the former practice, to come in and be made a party defendant, for the purpose of excepting to an admeasurement of dower, in the course of a petition by the widow.

*Arguendo:* This is so still, under the act regulating *Special proceedings.*

(*Stiner* v. *Cawthorne,* 4 D. & B. 501 ; *Cox* v. *Brown,* 5 Ire. 194 ; *Lowery* v. *Lowery, at this term,* cited and approved.)

DOWER, before *Tourgee, J.,* under an interlocutory application by a creditor of the deceased, at Fall Term 1869 of ROCKINGHAM Court.

The facts are stated in the opinion of the Court.

His Honor having refused the application, the creditor appealed.

*Battle & Sons*, for the appellant.

*Phillips & Merrimon*, contra, cited *Ramsour* v. *Ramsour* 63 N. C. 231.

RODMAN, J.  This is a petition for dower, and the petitioner is the widow, the executrix and the sole devisee of the testator.  After the judgment for dower, and after the return of the inquisition assigning dower, Mary Bethel, a creditor of the testator, applied to become a party defendant, and to except to the admeasurement of dower as excessive. This was objected to and refused, and the only question is whether she should have been allowed to do so.  We think she should have been.  Whether, in case she had applied before the judgment for dower, to be made a party, in order that she might oppose that judgment, she ought to have been allowed to do so, is a matter upon which we express no opinion.    In *Stiner* v. *Cawthorne*, 4 Dev. & Bat. 501, it is said : "The act of 1784 has not indicated the remedy for an illegal or excessive allotment of dower, but the usages of our Courts have defined it, to-wit : that when the report of the jury is returned, exceptions may be thereunto taken by any one aggrieved, and the Court will set aside the allotment, and order a new allotment, if sufficient cause be shown."  Is a creditor "one aggrieved" by an excessive allotment, or must the phrase be confined to those who are necessarily parties to the suit, such as the heirs or devisees, and to such others as the petitioner may choose to make parties.   The petition in this case was filed in December 1868, after the Code of Civil Procedure was adopted, but before the Act of 1868–'69, ch. 93, respecting special proceedings.   Of course, therefore, no argument can be founded on this latter act ; but we do not think it would affect the conclusion if it could be considered. Section 61 C. C. P., declares who *may* be made defendants to an action, and mentions among them " any person who has an interest in the controversy adverse to the plaintiff."

We think that all persons who might legally be made defendants, are entitled, upon their application made in due time, to come in as parties and assert their claims. How far they may be bound to do, or what might be the consequences of their failure to do so, if they had notice of the suit, we do not say. In an estate entirely insolvent, where the whole property of the deceased will not pay, or will not more than pay the rightful claims against it, the only persons interested in the real estate are the widow as dowress, and the creditors. If the estate be not manifestly insolvent, and there be a possibility that after the allotment of dower and the payment of the debts, something may be left for the heirs or devisees, even in that case it can scarcely be said that the interests of the heirs or devisees is so identical with that of the creditors as to entitle the heirs, &c., solely to represent the creditors, and to exclude them from a direct participation in the controversy. Still less can that be said in a case like this, where the dowress is the sole devisee. In such a case she cannot be considered as a fair representation of the creditors, to whom her interest would in reality be directly opposed, and they ought to be allowed to come in themselves and dispute the admeasurement of her dower. In *Cox* v. *Brown*, 5 Ire. 194, on a petition for a widow's year's provision, the creditors of the intestate were allowed to intervene without objection. As the question of their right to do so was not raised, the case is not cited as an authority, but only to show the opinion of the counsel engaged, at that day.

If a creditor is not allowed to intervene, according to the application in this case, the final judgment in favor of the petitioner will be conclusive, so far that it cannot be impeached collaterally; but it would be unjust to hold that it could not be impeached in any way by one, who, not being, and not capable of becoming, a party, was still prejudiced by it, as a creditor obviously might be. If a creditor must then have a right to some proper proceedings to impeach the

judgment after it is rendered, convenience requires that he should be allowed to become a party to the proceeding, and to resist its rendition. *Lowery* v. *Lowery,* decided at this Term, has no bearing on this case : the point there decided being that the appeal by Goins did not carry up the judgment for dower.

Judgment reversed. Let this opinion be certified.

PER CURIAM.                    Judgment reversed.