JOHN W. PELLETIER, Adm'r. *vs.* E. W. SAUNDERS, Adm'r. *et al.*

Under the act of 1868–'69, chapter 113, *sub* chapter 5, sec. 1, enacting that "When the personal estate of a decedent is insufficient to pay debts, &c., the Executor or Administrator *may* apply to the Superior Court, by petition, to sell the real property of the decedent for the payment of debts;" *it was held*, that the word *may*, in this, as in every act imposing a duty, means *shall*, and that by Superior Court is meant the Clerk of said Court.

When the personal estate of a decedent is insufficient to pay his debts, and an administrator or executor refuses, or unduly delays, to apply to the Court for the sale of the real estate, the Clerk of the Superior Court as Probat Judge has jurisdiction, and may, at the instance of a creditor, compel such person to perform his duty.

[*Ex parte Moore*, 64 N. C. 90; *Sprinkle* v. *Hutchinson*, 66 N. C. 450, cited and approved.]

This was a proceeding commenced before the Clerk of the Superior Court of CARTERET County, to compel the defendant Saunders to sell the real estate of his intestate for the payment of debts.

The summons was made returnable before the Clerk, and the plaintiff filed a complaint alleging, among other things, that the defendant's intestate was indebted to him by judgment obtained in the life time of the intestate, and that said intestate had conveyed lands to the other defendants, his daughters, for the purpose of defrauding creditors; that the personal estate is exhausted, and the administrator refuses to sell the land for the payment of his debt. Prays judgment that defendant be compelled to sell land for the purpose above set forth. Defendant demurred specially for want of jurisdiction, and the Clerk forwarded the pleadings to his Honor, Judge Clarke, who after considering the same sustained the demurrer; from which judgment plaintiff appealed.

*Haughton*, for the plaintiff,

*Faircloth,* for the defendants.

RODMAN, J. The question presented in this case is, whether a Probate Court at the instance of a creditor, can compel the administrator of the debtor to sell his lands, for the payment of his debts, after the personal estate has been exhausted.

The *Act of* 1868–'9 *ch.* 113, *sub chapter* 5. *s.* 1, *p.* 267, provides that in such a case the administrator *may* apply, to the *Superior Court,* for an order to sell the real property ; but it makes no express provision for the relief of the creditor when the administrator refuses or unduly delays to apply.

The word *may,* here, as in every act imposing a duty, means *shall.* By *Superior Court,* is meant the Clerk of the Court, as appears by section 48, of the same chapter, and from S. 9, C. C. P., where that is defined to be the meaning of the phrase, in every case, except when some act is required to be done during Term time, or the Judge of the Court is otherwise expressly indicated.

So there is no difficulty about the right of the creditor to have the order made, or the duty of the administrator to apply for it, or the jurisdiction of the Court on his application.

The question then is reduced to this : Is there anything in the Act referred to, or in the Constitution and limited powers of the Probate Court, to disable it from making the order at the instance of a creditor ? The Act prescribes who are the parties necessary, in all cases, to a proceeding for the sale of the lands. The creditors are not *necessary* parties. Nevertheless, as they have an interest, as well in the taking of the administration account, as in the terms on which the land shall be sold, and the application of the proceeds, they must have a right to become parties at some stage of the proceeding, (C. C. P., S. 61, *ex parte Moore,* 64 N. C. 90), and we cannot see that any inconvenience, or injury to any interest, can arise by allowing them to come in at the beginning, by commencing the proceeding. Mere matters of practice and form, unless expressly reg-

ulated by statute, are entirely under the control of the Courts, and every mode ot proceeding is allowed, by which rightful relief may be obtained without injury or inconvenience.  It is suggested, however, that if the Clerk shall, at the hearing, order the administrator to sell, he will have no power to enforce obedience, in case the administrator refuses.  The same may be said in case of disobedience to an order to sell made on the application of the admisistrator.  So that if the want of power were conceded, it would be no more an argument against the jurisdiction in the former case, than in the latter, where it is not disputed.  But the want of power is not conceded.  It is unnecessary for us to say how the order might be enforced.  Perhaps the administrator might be removed for the misconduct, although not exactly of the nature specified in sections 89-91, of sub-chapter VII of the Act of 1868-'9.  And no reason occurs to us at present why disobedience could not be treated as a contempt under the Act of 1870-'71, ch. 216.  At all events, if it should be found that the process of the Probate Court was inadequate to enforce its orders, application could be made to the Judge of the Superior Court for aid, by an order in the nature of an injuction.  *Sprinkle* v. *Hutchinson*, 66 N. C. 450.

The judgment of the Superior Court is reversed, and the demurrer overuled.  The case is remanded, to be proceeded in according to law.

Let this opinion be certified.

PER CURIAM.                           Judgment reversed.