JOHN N. DAVIS, Adm'r. *v.* B. J. CURETON *et al.*

Where a tract of land upon which a widow had dower was sold, for the purpose of making assets to pay debts by the administrator of the husband in two separate parts, and she bid off both parts at unequal prices, and the sale was set aside as to the cheaper part: *It was held,* that she had the right to have the sale set aside as to the other part also, where it appeared that she would not have purchased the former part unless she could have got the latter with it.

This was a MOTION to set aside an order which was made by the Clerk of the Superior Court of UNION county, confirming the sale as to one of the two parts of a track of land sold by the administrator of W. J. Cureton, and setting it aside as to the other. Both parts were bid off by the widow and upon the Clerk's refusing her motion, she appealed to the Judge of the District, and at the last term of UNION Superior Court, his

Honor, *Judge Buxton*, reversed the order made by the Clerk and gave judgment for the appellant, and the administrator appealed to the Supreme Court. The facts are sufficiently stated in the opinion of the Court.

*Battle & Son*, for the plaintiff:

I. (1.) If it was discretionary with the Clerk, as Judge of Probate, to confirm the sale of one tract and not of the other, there is no appeal from the exercise of his discretion.

(2.) Constitution, art. IV, sec. 17, transfers issues of fact in such matters as are in Probate Judge's jurisdiction to Superior Court for trial and gives appeal in issue of law. Chap. 113, of the acts of 1868–69, sub chap. 5, sec. 1, gives jurisdiction to Probate Judge. *Pelletier* v. *Saunders*, 67 N. C. Rep. 261.

(3.) Here there was no issue of either law or fact. Probate Judge decided that purchaser's affidavit was not sufficient to influence his decision.

II. (1.) While Courts of Equity had the power to set aside a sale made under its order, at the instance of the purchaser, they would do so only in case of fraud or mistake. *Clayton* v. *Glover*, 3 Jones Eq. 371.

(2.) Here there was no allegation even of fraud, and there was no mistake such as the law recognize as coming within the meaning of the term. The sale and bidding of the two tracts were separate, and any person of reasonable prudence would have known the rights and obligations of the purchaser.

(3.) There was no mistake of facts here.

*J. H. Wilson*, for the defendants.

READE, J, The facts alleged and not denied, and therefore the facts admitted, are, that Mrs. Cureton bid off the second tract sold, because she had bid off the first tract, and that the two tracts were useful to each other, and that without the first she would not have bought the second at all, and that she had reason to believe, and did believe, that at the time she bought

DAVIS, Adm'r. *v.* CURETON *et al.*

the second she would get the first with it. And when the sale of the first tract was set aside, she found that she had acted under a mistake of facts which no enquiry could have guarded against.

We are of the opinion, that because of this mistake she is entitled to relief in equity, which we administer in this action. One buys a match of horses *because they are a match ;* he wants both or neither. If the vendor withholds one, he cannot compel the vendee to take the other. That would be admitted to be so where there is but one contract, but in our case there were two contracts, each tract bought separately. But still, the second was bought with reference to the first, and they were really the same tract divided, and upon which the purchaser had dower. So that, under the circumstances, she not unreasonably supposed that she was buying and would get the whole tract.

There is no error. This will be certified to the end that the Court below may proceed according to law.

PER CURIAM.                    Judgment affirmed.

NOTE.—In a kindred case, *Lovenier* v. *Pearce, ante* 167, at this term, we have considered the powers of the Probate Judge and the right of appeal and the practice in appeal, and therefore it is unnecessary to repeat in this case.