JOSEPH BALLARD *v.* W. L. KILPATRICK and others.

In administrations granted since the 1st day of July, 1869, the Probate Judge alone has jurisdiction to compel the administrator to a settlement and to state his account, and apportion the assets among the creditors. Bat. Rev. chap. 90, sec. 1. The Probate Court has likewise power, upon a deficiency of assets, to order a sale of the land.

Every action brought in the Probate Court to recover a debt against an administrator is necessarily a creditor's bill, as all the creditors must be brought in and their claims ascertained, before any judgment for the payment of any one can be given.

(*Pelletier* v. *Saunders*, 67 N. C. Rep. 261, cited and approved.)

SETTLE, J. *Dissenting.*

CIVIL ACTION in the nature of a creditor's bill against the administrator and others, tried before his Honor, *Judge Clarke,* at the Fall Term, 1873, of JONES Superior Court.

Defendants demurred to the plaintiff's complaint upon the ground that the Superior Court did not have jurisdiction of such action. On the hearing, his Honor sustained the demurrer and dismissed the action. Plaintiff appealed.

The allegations of the complaint, so far as are pertinent to the decision of this Court, are stated in the opinion of Justice RODMAN.

*Green,* for appellant.
*Hubbard,* contra.

RODMAN, J. At Spring Term, 1872, of Jones Superior Court, before the Judge of the Court, the plaintiff, on behalf of himself and all other creditors of one Council Gooding, brought an action and filed his complaint, of which the allegations at present material are these :

1. That Council Gooding is indebted to plaintiff ;
2. Gooding died during the late war intestate ;

3. Certain of the defendants, without authority, took and squandered his entire personal estate ;

4. In August, 1871, Isaac Gooding became administrator of Council Gooding, but has no assets ;

5. That Council Gooding died seized of certain lands, which it is prayed may be sold and the proceeds applied to the payment of his debts.

Defendants demur for want of jurisdiction.

As original administration was granted after 1st July, 1869, the settlement of the estate is governed by the act of 1868–'9, chap. 113, and by the act of 1871–'2, chap. 213, (Bat. Rev. chap. 45.)

By those acts the Probate Judge alone has jurisdiction to compel the administrator to a settlement and to state his account and apportion the assets among the creditors. Act, Bat. Rev., chap. 90, sec. 1, and Acts, chap. 45. Every action brought in that Court to recover a debt against an administrator is necessarily a creditor's bill, as all the creditors must be brought in and their claims ascertained before any judgment for the payment of any one can be given. That Court also has power upon a deficiency of assets to order a sale of the lands. Bat. Rev., chap. 45, sec. 61 ; *Pelletier* v. *Saunders*, 67 N. C. Rep. 261.

So that the Probate Court has jurisdiction to give complete relief and the Superior Court cannot consistently with that act give any at all. See sec. 95, Bat. Rev., chap. 45.

The act of 1870–'1, chap. 108, Bat. Rev., chap. 17, secs. 425, 426, substantially re-enacted by the act of 1872–'3, chap. 175, sec. 3, does not apply. It is not within the words or intent of the act. The Legislature could not authorize the Superior Court (held by the Judge,) to take the account of an administrator who administered after 1st July, 1869, except by an act repealing *pro tanto* the act chap. 45 of Bat. Rev., and conferring the powers therein conferred on the Probate Judge on the Judge of the Superior Court. To construe the act in question as having this effect would produce so much incon-

venience and so disarrange the working of the provisions of the acts found in Bat. Rev., chap. 145, which contain the general law for the settlement of all estates in which original ad ministration was granted after 1st July, 1869, that we should be disposed to give it that construction only, if the intent of the Legislature was plain.

The decision we now make is not contrary to any heretofore made as to the effect of the several acts curing defects of jurisdiction. In all previous cases before this Court, the original grant of administration was prior to 1st July, 1869, when the act for the settlement of estates went into effect. In the present case it is after that date. It is highly desirable that there should be but one Court in which such actions should begin, and sufficient time has elapsed since the passage of the act conferring the exclusive original jurisdiction in such cases on the Probate Courts to enable the profession and the people to have been informed of them.

PER CURIAM. Demurrer sustained and action dismissed for want of jurisdiction.

SETTLE, J., *dissenting*. I dissent from the opinion of the majority of the Court, believing the defect of jurisdiction to have been cured by the act of 1870–'71, chap. 108, and the act of 1872–'73, chap. 175. *Bell* v. *King*, 70 N. C. Rep. 330.