State ex rel. S. E. BRATTON and others v. E. C. DAVIDSON and others.

### *Settlement of Estates—Jurisdiction.*

1. Under the constitution, art. IV § 12, and the acts of 1876–'7, ch. 241 § 6, the Superior Court in term time has original jurisdiction to hear complaints against executors and administrators, demanding an account of their dealings and a settlement with the legatees or distributees.

2. Where an administrator fails to exhibit in Court his final account at the end of two years from his qualification, the distributees may bring suit upon his bond to a regular term of the Superior Court, alleging such failure as a breach, and calling for an account, without first seeking the account in the Probate Court.

(*Heilig* v. *Foard*, 64 N. C. 710 ; *Rowland* v. *Thompson*, 65 N. C. 110, cited and approved.) See *Haywood* v. *Haywood, ante*, 42.

CIVIL ACTION tried at Spring Term, 1878, of MECKLEN-BURG Superior Court, before *Cox, J.*

This was an action upon an administration bond, in which a breach of the bond was alleged by reason of a failure on the part of defendant administrator to exhibit his final account in the Probate Court of the administration of his intestate's estate, although more than two years had elapsed since his qualification as such; and of his failure to pay over to plaintiffs the portion of said estate due them. The demand was for an account, and for judgment upon the bond for the amount ascertained to be due. The defendant demurred to the complaint and assigned as cause,—that the Probate Court had exclusive original jurisdiction of the proceedings, and the complaint did not allege that defendant failed to execute the trust and obey the lawful orders of said Court or any other Court touching the administration of said estate. His Honor overruled the demurrer with leave to answer over, and referred the case to the clerk

to state an account, &c., from which ruling the defendant appealed.

*Messrs. Wilson & Son*, for plaintiffs.
*Messrs. Shipp & Bailey*, for defendants.

BYNUM, J. By the 12th Section of Article IV, of the constitution as amended by the convention of 1875, a new distribution of the judical powers of the Courts is provided for, and it is there declared that the "general assembly shall allot and distribute that portion of this power and jurisdiction, which does not pertain to the Supreme Court, among the other Courts prescribed in this constitution, or which may be established by law, in such a manner as it may deem best." This amendment has wrought the most important change in the constitution, as it relates to the judiciary system, and puts all the Courts inferior to the Supreme Court without the pale of its protection, and makes them the creatures of the will of the legislature. As it is now competent for the legislature to abolish all such existing Courts and to create new ones, it is certainly competent for that body to re-distribute the powers and jurisdiction of the Courts as established, and such is the express provision of the amendment cited above. Accordingly the general assembly by an act ratified on the 9th of March, 1877, (Laws 1876-'77, ch. 241 § 6) has enacted, "that in addition to the remedy by special proceedings as now provided by law, actions against executors, administrators, collectors and guardians, may be brought originally to the Superior Court at term time," and that it shall be competent to that Court to order accounts to be taken, and to adjudge the application and distribution of the fund, or grant other relief as the nature of the case may require.

This action is upon the administration bond of the defendant, and the prayer of the complaint is that the defendant

account and pay over to the complainants, who are the next of kin and distributees, the amount that may be due them. The defendant insists that no action lies upon his bond until a final account of his administration is taken in the Probate Court, or in the Superior Court exercising the probate powers conferred upon the Court by the act of March, 1877, cited above; because until such an accounting it can not be seen that there has been a breach of the bond. We think otherwise. The conditions of the administration bond are, " that he do make a true and perfect account of his administration within two years thereafter, and that he pay over and deliver to the parties thereto the balance found due upon said account, and that in all things he do faithfully execute the trust reposed in him according to law." It is not pretended that these conditions were complied with in the time prescribed, or at all, before the beginning of this suit. This default was a breach of the bond which will sustain the action. It is not reasonable or consistent with the economy of the new Code, that distributees should be required, first to pursue the administrator alone, by having an account of his administration taken and stated in the Probate Court or elsewhere, and then to institute another action upon the bond to recover such sum as may be found due in the first proceeding. This would be taking two bites at a cherry when one would answer, and would indefinitely prolong the settlement of deceased persons estates ; and by the probable failure or fraud of the administrator or sureties, render an ultimate recovery more precarious. Even before the adoption of the amendment to the constitution and the subsequent act of the legislature conferring the probate jurisdiction upon the Superior Courts as before described, it was competent to the parties in such cases as this to institute an action upon the administration bond, after two years and a failure to

account and pay over, without having first resorted to the Probate Court for a final account, &c.

The Court therefore had jurisdiction, and the demurrer of the defendant can not be sustained. *Heilig* v. *Foard,* 64 N. C., 710 ; *Rowland* v. *Thompson,* 65 N. C. 110.

No error. Judgment affirmed.