*JOSEPH H. SHIELDS v. JOHN W. PAYNE, Adm'r.

*Jurisdiction—Contract.*

1. The superior court in term has jurisdiction of an action by a creditor against an administrator for breach of a contract made by his intestate.

2. Defendant's intestate owed plaintiff $450, and sold him certain personal property in satisfaction of the debt, the property to be delivered on a specified day, and to remain in the meantime in the debtor's possession, under an agreement that if he should fail to deliver it on the day named, he should pay plaintiff $450, and interest from the inception of the debt; *Held,* that there are two views in which the jury would be justified in finding a special contract to pay plaintiff the above mentioned sum : (1) The delivery of the goods on the day specified would be the consummation of an incomplete contract and a satisfaction of the debt; otherwise, payment must be made in money; (2) The property having vested in the plaintiff, the goods themselves are to remain in possession of the intestate until the time of re-delivery, and in default of such return, it was to be a resale to the intestate and a revival of the original indebtedness.

(*Heilig* v. *Foard,* 64 N. C., 710; *Ballard* v. *Kilpatrick,* 71 N. C., 281, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of GUILFORD Superior Court, before *Kerr, J.*

This action was brought to recover the sum of $450 alleged to be due on a special contract entered into between the plaintiff and defendant's intestate. The parties agreed to submit a single issue to the jury in these words: "Does the defendant, as administrator, owe the plaintiff $450 on special contract for two ponies, a buggy, and two sets of harness?" The evidence given on the trial of the issue was in substance as follows: The intestate of defendant was indebted to the plaintiff for a lot bought of him in the sum of $200 for which a note was given, and on the 4th of No-

---

*Dillard, J., having been of counsel, did not sit on the hearing of this case.

vember, 1874, he became further indebted in the sum of $250 for another lot purchased on that day. To pay the indebtedness, the intestate then sold to plaintiff two ponies, two sets of harness, and a buggy, for $450. The note held by plaintiff was thereupon surrendered and the second lot conveyed to the intestate. It was at the same time agreed that the intestate· should retain the ponies, harness, and buggy until the 1st of May, 1875, and then return them in good order to the plaintiff; and in case he failed to do so, he was to pay plaintiff $450 with interest from the 4th of November, 1874; and meanwhile the plaintiff was at liberty to use the articles when the intestate was not using them. There was no controversy about the defendant's failure to deliver in May, or his offer to do so at any time since. No exceptions were taken during the trial, and the instruction asked for the defendant was conceded by the plaintiff's counsel and given to the jury, and they rendered a verdict for the plaintiff.

1. The defendant's counsel moved the court to dismiss the action on the ground that exclusive jurisdiction thereof was vested in the probate court. The motion was refused and defendant excepted.

2. After the rendition of the verdict, the defendant's counsel insisted that upon the face of the complaint as well as upon the evidence, the sum claimed was a penalty, and that damages for the breach of the contract should be assessed by the jury before the plaintiff recovers judgment. The court declared that the objection came too late, and overruled the motion. Defendant excepted.

Judgment for plaintiff. Appeal by defendant.

*Messrs. Thos. Ruffin* and *J. W. Graham,* for plaintiff.
*Messrs. Scott & Caldwell* and *Gray & Stamps,* for defendant.

SMITH, C. J. (After stating the case.) In our opinion, both

rulings were correct. The questions will be examined in order:

1. The superior court has jurisdiction of the cause by the express words of the statute. Bat. Rev., ch. 45, § 133. This section enacts that "an action may be brought by a creditor against an executor, administrator or collector on a demand at any time after it is due. But no execution shall issue against the executor, administrator or collector, on a judgment therein against him without leave of the court, after notice," &c. If the provision is, by construction, to be limited to actions in the probate court, there would be no tribunal for the trial of suits for damages, and after death the injured party would be without remedy. The jurisdiction of the superior court is sustained in the case cited by the plaintiff's counsel, *Heilig* v. *Foard*, 64 N. C., 710.

The 73d section of the act and the case of *Ballard* v. *Kilpatrick*, 71 N. C., 281, refer to proceedings in the nature of creditors' bills intended to enforce a final settlement of the administration account and a distribution of the assets of the estate, of which exclusive jurisdiction was vested in the probate court until, by the passage of the act of 1876–'77, ch. 271, § 6, concurrent jurisdiction was conferred upon the superior court in term time.

2. There are two views in which the contract may be considered as shown in the testimony. First, the delivery of the goods in May is to be the consummation of an incomplete contract and a satisfaction for the price of the land; otherwise payment must be made in money. Second, the property having vested in the plaintiff, the goods themselves are to remain in possession of the intestate until the time of re-delivery, and in default of such return, it was to be a resale to the intestate and a revival of his original indebtedness.

In either mode of construing the agreement, the intestate's default or refusal will be attended with the same re-

sults, the property in the goods remaining in or being restored to the intestate, and the obligation to pay the price of the land or the price of the goods, the estimated value of each being the same left unimpaired and in full force. This seems to have been the intention of the parties and is a fair and reasonable interpretation to be put upon their agreement. The issue was framed and the trial conducted, up to the rendering of the verdict, upon this common understanding of its legal effect, and the jury find under instructions, acceptable to the counsel of both parties, the existence of a special contract on which it was admitted the plaintiff's right of recovery depends.

The court very properly refused to arrest judgment or order a new trial, for any reason assigned. The authorities called to our attention by the defendant's counsel do not conflict with this opinion.

No error.            Affirmed.