M. P. PEGRAM and others v. JOHN M. ARMSTRONG, Ad'mr.

*Jurisdiction—Superior and Probate Courts—Practice—Injunction.*

1. Under the act of 1877, ch. 241, § 6, the superior courts have concurrent jurisdiction with the probate courts of actions to compel an administrator to account, and other actions of like nature.

2. The doctrine that relief can be had against a bond for the payment of the purchase money for land sold under decree of the probate court only in that court, applies only where the party asking relief is a party to the proceeding, and where the relief sought is against the judgment.

3. Where the plaintiff and defendant as administrator of A were judgment creditors of the executors of B, and afterwards the defendant became administrator d. b. n. of B and obtained judgment upon a note executed by the purchasers of certain land (who bought for the benefit of plaintiff,) sold for assets in the probate court, and plaintiff alleged that defendant threatened to collect and appropriate the whole of the fund to his judgment as administrator of A; *It was held,* not to be error for the superior court to order an account of the administration of B's estate by the defendant, and upon plaintiff's paying into court the amount of purchase money, costs, &c., to restrain the defendant from disposing of the fund until the hearing.

(*Haywood* v. *Haywood,* 79 N. C., 42; *Bratton* v. *Davidson, Id.,* 423; *Patterson* v. *Miller,* 72 N. C., 516; *Ballard* v. *Kilpatrick,* 71 N. C., 281; *Southall* v. *Shields,* 81 N. C., 28; *Ransom* v. *McClees,* 64 N. C., 17, cited and approved.)

APPEAL from an Order made at Fall Term, 1879, of GASTON Superior Court, by *Buxton, J.*

The executors of Larkin Stowe qualified in 1857, and as such, sold the property and got in all the assets and paid off, it is alleged, all the debts of their testator, except a large debt to one Wilson now owned by the plaintiff, Pegram, and one other in favor of defendant Armstrong as administrator of J. N. Ford, on a guardian bond on which Larkin Stowe was a surety.

Both of these debts were reduced to judgment against the executors of Larkin Stowe at the same term of the court, and they filed their petition in the probate court for a license to sell the land for assets, and pending the proceedings they were removed from office, and the defendant Armstrong became administrator *de bonis non* with the will annexed, Said Armstrong as administrator of Stowe, connected himself with the special proceeding to sell the land, and procured a decree of sale, and at the sale one Craig became the purchaser for Pegram and gave his bonds with one Gulick as surety for the purchase money, and against them a summary judgment was entered by a motion in the cause.

The said Craig and Gulick being about to be pushed by execution to pay the judgment entered against them, Pegram tendered to the defendant as administrator of J. N. Ford, not the whole amount of the purchase money, but only the ratable part on a division of the fund between his judgment and said judgment assigned to him by Wilson, claiming to be entitled to retain the balance in part of the Wilson judgment, but the defendant refused to accept the sum tendered. Thereupon this suit was brought to have an account of defendant's administration of the assets of Larkin Stowe, and in the meantime to enjoin the collection of the judgment for the purchase money, on the allegation that he, Pegram, was entitled to at least his proportional part thereof on his judgment, and that defendant had refused a ratable division of the fund and had threatened to appropriate by right of retainer the whole proceeds of the

land sale to the debt due to him in his character of administrator of Ford.

A temporary restraint was ordered, and defendant answered, alleging that there was another liability against the estate. He denied any threat to appropriate the money to his debt as administrator of Ford, and averred his purpose to administer according to law, accompanied with an allegation of the solvency and sufficiency of himself and sureties to secure every creditor against his *devastavit* or maladministration.

At fall term, 1879, the court overruled the motion to dismiss on the ground of a want of jurisdiction, and it appearing that the main point in controversy between the parties was as to the priority of their respective judgments in the assets of Stowe's estate, an order was entered dissolving the restraining order previously obtained unless all the purchase money and interest, commissions and cost of suit were paid into court within ten days, and if so paid, then continuing the injunction to the hearing, and directing the clerk to take and report an account of the debts and assets of the estate. From the refusal of the judge to dismiss the action, and the interlocutory order of conditional dissolution of the injunction, and for an account of the debts and assets of the estate, the appeal is taken by defendant.

*Messrs. W P. Bynum* and *A. Burwell,* for plaintiffs.
*Messrs. Wilson & Son,* for defendant.

DILLARD, J., after stating the case. The appeal presents the points, that the superior court had not jurisdiction of the action, and if it had, then it was error in the court to continue the injunction conditionally, and make an order of account of the assets and debts against the estate. The superior court had jurisdiction of the action. By article four, section twelve of the amended constitution, the legislature

was empowered to redistribute and apportion jurisdiction, not belonging to the supreme court, among all the other courts then existing or thereafter created as they should deem best. Under this authority the legislature, by the act of 1876–'77, ch. 241, enacted that in addition to the remedy by special proceedings, actions against executors, administrators, collectors and guardians might be brought originally in the superior court at term, with competent power in the court to order accounts, adjudge the application of the assets, and to grant any relief the nature of the case might require.

The legal effect of this legislation, as settled by construction of this court, was to give the superior courts the same jurisdiction over actions like the plaintiffs' as before that time was vested in the probate courts. *Haywood* v. *Haywood*, 79 N. C., 42, and *Bratton* v. *Davidson, Id.*, 423. The probate court confessedly had jurisdiction at the suit of a creditor to compel an administrator to account, and to direct the application of the assets to the debts of the estate, and clearly had jurisdiction of the matters of this action. Since the act of 1876–'77, the superior court has a concurrent jurisdiction in actions of the class mentioned in the act with that of the probate courts, and therefore in this view of the question there was no defect of jurisdiction.

But it is insisted that though the superior court had jurisdiction generally over actions such as the plaintiffs', it is excluded in this case, because relief might be had against the judgment on the bond for the purchase money in the probate court, and if so, then the relief could be obtained in no other court. That is true in cases in which the doctrine applies. It applies only when the party asking relief is a party, and when the relief sought is against the judgment. Here, Pegram is no party to the judgment in the probate court, nor does he ask any change or modification thereof, but seeks, conceding its validity, to prevent an unconscien-

tious application, as he alleges, of the fruits of the judgment to defendant's debt against the decedent in exclusion of all participation by him. This relief could not be had in the probate court, both for want of power in that court to grant an injunction, and because it does not come within the scope of a petition for license to sell land for assets. And it is not competent by motion in the cause to change its character into a cause for settlement and distribution of the assets among the creditors of the estate.

It it next objected that Pegram's judgment is a legal demand, and being such, neither a court of equity nor the superior courts, exercising equitable powers, will entertain a suit in any other form than a creditor's bill.

The jurisdiction of the probate courts under Bat. Rev., ch. 45, § 73, is exercised in the proceeding of a single creditor as well as on a petition, in form a creditor's bill. Every proceeding for settlement of an estate, in that court, is necessarily a creditor's bill, and it is so held in the cases of *Patterson* v. *Miller*, 72 N. C., 516, and *Ballard* v. *Kilpatrick*, 71 N. C., 281. So in the superior courts, concurrent powers are given, and from the general words of the grant, a suit of a single creditor involving an account is necessarily a creditor's bill, and may be proceeded on as such, or be converted into one by amendment. Even under the equity system, on the suit of a single creditor for payment of his debt and for account, if the administrator answered admitting assets, a decree was made for him; but if in the answer debts of higher dignity were alleged to exist, then the suit, although not in form a creditor's bill, was proceeded with and treated as one or converted by amendment into a creditor's bill. 1 Story Eq., 546, and note 1 ; *Att'y Gen'l* v. *Cornthwaite*, 2 Cox Chan. Rep., 44; *Thompson* v. *Brown*, 4 Johnson's Chan., 619; *McKay* v. *Green*, 3 Johnson Chan., 56 ; *Southall* v. *Shields*, 81 N. C., 28.

The question of jurisdiction being disposed of, it remains

to consider of the error alleged in the order of account and the continuance of the injunction to the hearing : The defendant, by his acceptance of letters of administration on the estate of Larkin Stowe, assumed the duty to get in hand all the assets of the estate, including any sum unaccounted for by the original executors, and to apply the same to the debts of the estate according to their dignity, in this case, as prescribed by law in administration granted prior to July 1st, 1869. The application for injunction rested on the claim of right in plaintiff to have the account taken and the assets, including the purchase money due for the lands, applied to his debt wholly, or *pro rata* between his judgment and the one due to defendant on a breach of a guardian bond. It was claimed that Larkin Stowe was merely a surety on the guardian bond, and that the breach in which the recovery was effected was not until a long time after Larkin's death, and so the plaintiff having a specialty debt due by bond under seal had a priority entire over the contingent liability on the guardian bond ; or at the least had the right to a ratable participation therein, and that in either case he should not be required to pay over to defendant a sum of money which in point of duty he should hand back to him.

How the law, applying to the question of priority or equal participation, is, we will not decide, as the case is not before us in such form as to enable us to assume what facts may be developed in the further progress of the cause; but we sustain the judge, continuing the injunction on the condition of the money being paid into court, on the ground that the plaintiff should not be compelled to part with his money to the defendant, until the question made as to their respective rights shall have been determined at the regular hearing.

His Honor coupled the order of account and continuance of the injunction with the pre-requisite of putting the whole

money and interest, and commissions and all costs of the action under the control of the court, by Pegram, and herein all defendant's rights personally, as well as the representative of Ford's estate, are made secure. As to the ultimate decision to be made as to the application of the fund, it is not unreasonable that defendant should abide the final hearing of the cause. See *Ransom* v. *McClees*, 64 N. C., 17.

There is no error and the judgment of the court below is affirmed, and this will be certified to the end that the cause may be proceeded with.

No error.                          Affirmed.