W. L. KIRKMAN v. L. PHIPPS and others.

*Jurisdiction—Executors and Administrators.*

The superior court has jurisdiction of an action by an administrator against the widow, heirs at law, and all other parties interested, for an account and restraining order, in which it is alleged, that the intestate in his life time executed several mortgages upon his land—had many dealings with the mortgagee—made sundry payments upon the debt—mortgagee was threatening to sell the land; also, that there were alleged judgment liens upon the land—and that payments had been made on same for which proper credits were not given.

(*Pegram* v. *Armstrong*, 82 N. C., 326 ; *Gulley* v. *Macy*, 81 N. C., 356, cited and approved.)

MOTION of defendants to dismiss for want of jurisdiction, heard at January Special Term, 1882, of GUILFORD Superior Court, before *Gudger, J.*

The plaintiff is the administrator of G. W. Phipps, deceased, and the defendants are the judgment and mortgagee creditors of the deceased, and his widows and heirs at law.

The complaint alleges that the intestate died insolvent, having conveyed most of his property by way of mortgage to the defendant, McAdoo, in his life time, and the residue being required to make up his widow's year's support; that he was also owner of two tracts of land—one containing 202 acres, and the other 165 acres—upon which he had given to McAdoo four mortgages, dated respectively, April 18, July 29, September 11, December 16, in the year 1876 ; and that anterior to these, judgments had been taken against him by Paul Coble (the intestate of the defendants Coble and Hardin) and docketed in December, 1875, and thereby made to constitute liens on his said lands.

The plaintiff further alleged that the intestate had many dealings with McAdoo, and made him many payments, as well in money as produce, which ought to be credited on

the several mortgages; and that without an account taken it was impossible to know certainly whether anything is still due upon the debts thus secured, and if so, how much, and that notwithstanding this, the defendant McAdoo was threatening, and had already advertised, to sell the land under said mortgages. It was also alleged that payment had been made by the intestate upon the Coble judgments, for which proper credits had not been given.

The prayer of the complaint is that an account be taken to ascertain what balances, if any, are due to McAdoo on his mortgages, and to Coble on his judgments; and that the land be sold under order of court to satisfy the same, and the proceeds applied under its direction, and in the meantime the defendant, McAdoo, be restrained from selling under the mortgages.

Neither one of the creditors answered the complaint, but the widow and heirs at law filed an answer in which they aver that they had paid to McAdoo much the larger part of the amount secured to him under the chattel mortgage given him by the intestate, and had also made him considerable payments upon the debts secured by mortgage on the land; and also, to Coble upon his judgments; and they ask that an account may be taken of said debts, and in the meantime that plaintiff may be enjoined from taking any steps to sell the land of the intestate.

By consent of all parties, a reference was ordered to ascertain what was due on the secured debts, and upon the coming in of the referee's report, the heirs filed exceptions thereto, which were allowed, and then moved to dismiss the action upon the ground that the court had no jurisdiction, but that the same pertained exclusively to the probate court.

His Honor refused the motion to dismiss, and gave judgment directing a sale of the land and an application of the proceeds, first, to the Coble judgments, and next, to the debts due McAdoo according to the dates of his several

mortgages; and further directing the surplus, if any, to be paid to plaintiff to be used in paying the costs and charges of administration and the other debts of his intestate. Whereupon the defendant heirs appealed, assigning as error the refusal to allow the motion to dismiss the action.

*Messrs. Scott & Caldwell,* for plaintiff.
*Mr. J. A. Barringer,* for defendants.

RUFFIN, J.   The appellants certainly have no reason to suppose that a whit more favor will be extended to their motion than in the strictest law it is entitled to—delayed as it was to the last moment in the progress of the action, and until after they had assented, so far as by their conduct they could assent, to the jurisdiction of the court, and had asked and received its aid in the premises.

It is not, however, in our opinion, necessary to rely upon any implied waiver on their part, in order to sustain the court's jurisdiction of the cause.

The action is not in form or scope, as counsel seem to think, a special proceeding instituted for the purpose of obtaining a license to sell the land of the intestate for assets; nor is it one that properly, much less exclusively, belongs to the probate court.   It is simply an appeal to the equitable powers of the court to avoid a sale and consequent sacrifice of the intestate's property, until the uncertainty and cloud thrown upon it by the numerous and conflicting liens can be cleared up, and the true amount and character of the indebtedness accurately ascertained.   To take such action, falls strictly within the line of the plaintiff's duty as administrator—it being incumbent on him to protect the general creditors of the estate, as well as to adjust the respective rights of the judgment and mortgage creditors—and the relief sought was such as could be conveniently and effectually administered by a court of equity only.   It was upon grounds

exactly analogous that the jurisdiction of the court was up-held in *Pegram* v. *Armstrong*, 82 N. C., 326, and *Gulley* v. *Macy*, 81 N. C., 356.

Having jurisdiction for such purposes, and having taken cognizance of the cause, the court had the power and rightfully exercised it, to settle every question and give complete relief to all the parties. What earthly good could accrue to any one from an order of dismission at this stage of the case? Its only effect could be to dissolve the injunction, and thus leave the way open to the defendant, Mc-Adoo, to sell immediately, and for his single benefit, under his various mortgages, and thereby produce the very inconvenience which it is the object of the action and the policy of the law, to avoid.

Even after a sale by him, and unless the purchaser should voluntarily satisfy them, the judgments liens, though entitled to priority over all other claims, could only be enforced through some proceeding to which the administrator and heirs are parties—thus proving that there could be no course pursued, so simple and satisfactory, as the one taken by the plaintiff, of bringing all the parties before a court competent to have every necessary inquiry and account taken, and to administer the rights of all in one proceeding. See *Hinson* v. *Adrian, ante,* 61.

There is no error. Let this be certified to the court below that the cause may be proceeded with according to law.

No error.                                   Affirmed.