A. K. CLEMENTS v. M. A. ROGERS, Ex'x, and others.

*Executors and Administrators — Payment of Legacies — Waiver by answer to merits.*

1. Where in a suit for a legacy it is made to appear either by the complaint or the admissions in the answer that there is no necessity for retaining the fund by the executor (such as outstanding debts, assets not collected, &c.), the court may, within the two years after the qualification of the executor, adjudge the payment of legacies. THE CODE, § 1512.

2. The objection of the defendant, that the action was brought with the two years, and that there was no allegation in the complaint why the court should adjudge a payment before the lapse of the two years, is waived by his filing an answer to the merits and consenting to have the case put upon the calendar for trial. The order dismissing the action is erroneous.

(*Tucker* v. *Baker*, 86 N. C., 1; *Hobbs* v. *Craige*, 1 Ired., 332; *Turnage* v. *Turnage*, 7 Ired. Eq., 127, cited and approved.)

CIVIL ACTION, tried at March Special Term, 1884, of WAKE Superior Court, before *Avery, J.*

This action was brought to recover of the defendant as executrix of Mary A. Rogers, deceased, a legacy bequeathed to the plaintiff by the will of the testatrix. The case is sufficiently stated in the opinion.

The plaintiff appealed from the judgment dismissing the action.

*Messrs. A. M. Lewis & Son* and *Strong & Smedes,* for plaintiff.
*Messrs. D. G. Fowle* and *E. C. Smith,* for defendant.

ASHE, J. The defendant, when the cause was called for trial by jury, according to the calendar previously set by the court, moved to dismiss the action, because it appeared that the action was brought within two years from the qualifica-

tion of the defendant executrix, and there was no allegation in the complaint under section 1512 of THE CODE of North Carolina why the court should adjudge a payment of said legacy before the lapse of two years from said qualification as executrix.

The court held that some reason should have appeared, such as that there was no indebtedness of the estate of the said Mary A. Rogers, or that for some reason stated in the complaint a full or partial settlement of the estate could be made by the executrix, and offered to allow the plaintiff to amend his complaint upon the payment of all the costs that had accrued in the action, but the plaintiff declined to amend upon the terms offered, and therefore the court adjudged that the action be dismissed.

However it may be upon a proper construction of section 1512, as to whether a reason should be assigned in the complaint why the action was commenced within two years after the qualification of the executrix, we are of the opinion that objection has been waived by the defendant in the present action. The defendant filed an answer to the complaint upon the merits, consented to put the case upon the calendar for trial, and after the case has been pending for two years in court, takes the plaintiff by surprise with a motion to dismiss.

Under section 239 of THE CODE, the defendant may demur to the complaint on the ground that the court has no jurisdiction of the person of the defendant, or of the subject of the action, and, "that the complaint does not state facts sufficient to constitute a cause of action." All other objections except these are waived unless they be taken by demurrer or answer, (§ 242) and these objections may be taken by demurrer at any time, even in this court. *Tucker* v. *Baker*, 86 N. C., 1.

But the complaint here does set forth a cause of action, and the only objection to it that can be urged is that the

action was prematurely commenced, which is a matter of defence, which should have been set up by the defendant in the answer, as, that the assets have not been collected ; that there are large outstanding debts against the estate; and that it is involved in litigation, so that it would be impossible to know how much of the assets would be applicable to the payment of legacies.  These are matters of which the legatees or next of kin cannot be presumed to know, but they are matters peculiarly within the knowledge of the executor or administrator.

The section (1512) relied upon by the defendant in support of his motion is only a legislative affirmance of the law as it existed before THE CODE.  It reads:  " It shall be in the power of the judge or court, on petition or action, within two years from the qualification of an executor, administrator or collector, to adjudge the payment in full or partially, of legacies and distributive shares, on such terms as the court shall deem proper, *when there shall be no necessity for retaining the fund.*"  This is substantially what Judge GASTON said upon this subject in *Hobbs* v. *Craige,* 1 Ired., 332.  He there said: " The act of assembly (Revised Code, ch. 46, § 18,) making it obligatory on executors to settle the estate at the end of two years after their administration shall have begun, does not authorize them to defer the settlement until that time without necessity.  And it is competent to those interested to file their bill or present their petition for such a settlement, as soon as they think proper, the proceedings upon such bill or petition being under the control of the court."  And in *Turnage* v. *Turnage,* 7 Ired. Eq., 127, where the decision is of the same import, the court say that the allowance of *two years* by the statute to executors and administrators to settle estates, was intended as an indulgence to them and was by no means intended to confer on the residuary legatee the right to have the fund put out at interest for his benefit.  The statute thus construed

by Judge GASTON is substantially the same as section 1488 of THE CODE. Each provides that: "No executor or administrator shall hold or retain in his hands more of the deceased's estate than amounts to his necessary charges and disbursements, and such debts as he shall legally pay, but all such estate so remaining shall, immediately after the expiration of two years, be divided, delivered and paid to such person as the same may be due by law or the will of the deceased."

Under the provisions of section 1512, the proceedings are as much under the control of the court, as under the former statute; for it provides that the court may within the two years adjudge the payment of the legacies and distributive shares in *full* or *partially* upon such terms as it shall deem proper, *when there shall be no necessity for retaining the fund.*

The court is empowered to adjudge the payment of the legacies, &c., whenever it is made to appear that there is no necessity for retaining the fund; and it can make no difference whether that information is derived from the complaint or the admission in the answer.

In this case it is clearly shown by the complaint and admissions in the answer that there was no necessity for retaining the fund.

It is alleged in the complaint that the estate of the defendant's testatrix was solvent, and that there were large amounts in her hands due to the plaintiff. And the defendant admits the solvency and that there was the sum of about $3,500 in her hands belonging to the testatrix, and she does not allege that there are debts or charges upon the estate to be paid. It is thus clearly made to appear to the court that there was no necessity for retaining the fund.

Our conclusion, therefore, is that there is error. Let this be certified to the superior court of Wake county that further proceedings may be had.

Error.                                           Reversed.