FANNIE E. GODWIN, Guardian, v. FANNIE E. WATFORD et al.

*Will — Executrix — Waste — Account — Bond for Security — Receiver — Tenant for Life — Jurisdiction — Two Years After Qualification.*

1. Where it appeared that the defendant was executrix of her husband's will, and tenant for life, or during widowhood, of all his property, real, personal and mixed; that the testator made sundry devises and bequests, to take effect upon her death, or widowhood; that she did marry again, and took possession and wasted and lavishly used said property; that she was insolvent, and had filed no account of the property, as required by law, except one inventory: *Held*, that there was no error in giving judgment directing the executrix to account and give bond for the security of the property, and, in default thereof, that a receiver be appointed.

2. The Court had jurisdiction to grant the relief given.

3. It was not necessary to wait for the lapse of two years next after qualification before bringing an action to compel an executor to account.

This was a CIVIL ACTION, tried at the Spring Term, 1890, of BERTIE Superior Court, before *Armfield, J.*

The complaint alleges, in substance, that Calvin Godwin died in the county of Bertie in the year 1887, leaving his will, which was admitted to probate on the 9th of August of that year; that he left surviving him his wife, Fannie E., who qualified as executrix of his will; that she afterwards intermarried with David A. Watford, who afterwards died; that she afterwards intermarried with John Barnes, who afterwards died, and she is now a widow; that the testator provided for his said wife as follows:

"I give and devise to my beloved wife, Fannie E. Godwin, for and during the term of her natural life, or so long as she remains my widow, all my property, real, personal and mixed, of what nature or kind soever, and wherever the

same shall be at the time of my death, except my mill and two acres of land, the mill site."

That he made sundry other devises and bequests, to take effect at the death of his wife, or, if she should marry again— and she did marry again, as stated above—that she took possession of valuable lands and personal property so devised and bequeathed; that she used the same carelessly, lavishly and wastefully; that she neglected to take care of the property, permitted it to go to ruin; that she diverted parts of it to her own purposes; that she was insolvent, and the devisees and legatees would lose much of what belonged to them, by virtue of the will; that she made and filed no account of the property, as the law required she should do, &c., &c. The complaint demands judgment that she be required to account; to give proper bond to secure the property; that if she would not, that a receiver be appointed to take charge of the land and other property, to the end the whole might be administered as directed by the will; for general relief, &c.

The executrix admits, in her answer, that she was executrix, as alleged; that she had so intermarried again; that she took possession of the property, real and personal—used and was using the same; she denied that she was negligent and wasteful; alleged that she had used the property as well as she could; that she had made one return of inventory of the same, which she believed to be true; she admitted that the estate was solvent; that she received monies belonging to the same, and she alleged that she was the owner of land worth about $1,000, and had personal property worth about $500, and owed no debts, &c. The case was heard, it seems, by consent, upon the complaint, the will, a copy of which was annexed thereto, and the answer of the executrix. The Court gave judgment, directing that the executrix account; that she give bond with security for securing the property

by a day designated, and in default thereof, that a receiver be appointed.

From that judgment the executrix appealed to this Court.

*Messrs. Winston & Williams* (by brief), for plaintiff.
No counsel for defendant.

·MERRIMON, C. J.—after stating the facts: This case was not argued in this Court for the appellant, and we find it difficult to determine what the precise purpose of the appeal is. We learn, from the brief of the appellee, that "the only question presented for solution by the Court is, whether there is a proper case for the intervention of a Court of Equity to protect a fund now in the hands of" the appellant executrix. Or, stating the question with more directness: Does the complaint state facts sufficient to constitute a cause of action?

The precise purpose of the action does not appear very clearly from the complaint, but it is, certainly, as we understand it, to compel the defendant executrix to an account of the estate of testator in her hands, to recover the property, legacies and distributive shares by those entitled to have the same, and to protect the property pending the action. Such being the purpose, a cause of action is alleged, and the Court had jurisdiction of the subject-matter. It is not alleged that two years had elapsed next after the qualification of the executrix at the time the action was begun, but it is alleged that the estate is wholly solvent, "and there is no reason why any executrix under the will should retain any part of the fund in hand," and this is expressly admitted by the answer. In such case the executrix may be compelled to account and to pay legacies before the lapse of two years next after the qualification. *The Code,* § 1512; *Clements* v. *Rogers,* 91 N. C., 63, and the cases there cited.

The jurisdiction and powers of the Court, in such actions, are very comprehensive as to the purposes contemplated by them. It is competent in them "to order an account to be taken, by such person, or persons, as said Court may designate, and to adjudge the application or distribution of the fund ascertained, or to grant other relief, as the nature of the case may require." This implies ample power in the Court to protect the property, by appropriate ways and means—to grant an injunction, appoint receivers, etc., etc., in such cases. *The Code*, § 1511; *Bratton* v. *Davidson*, 79 N. C., 423; *Pegram* v. *Armstrong*, 82 N. C., 326; *Stenhouse* v. *Davis, id.*, 432.

Judgment affirmed.