This is a special proceeding, brought by the plaintiff against the defendants — other than the defendant creditors — who are the heirs at law of her late husband, who died intestate, to obtain dower in the lands specified in the petition. In the course of the proceeding it was adjudged that the plaintiff was entitled to dower, and an order was entered directing that a jury allot the same according to law.
The jury among other things in their report of allotment, say: "The commissioners in assessing the value and assigning dower to the widow, find a deficiency in the dower assigned to the amount of $60, which, as the proper amount according to the mortuary tables, recommended to be paid to the widow from the proceeds of the sales of the real estate not included in the dower."
After the jury had made their report assigning dower, J. E. Gilmer, for himself and other creditors moved the clerk to be allowed to become parties to the petition for the purpose of making a motion "to set aside the report filed by the jury allotting the dower." This motion was allowed by the clerk, and said Gilmer filed a petition in the cause and asked that the allotment of dower be set aside. (273)
The clerk, acting as and for the court, denied the motion of the defendants' creditors to set aside the report of the jury, and they appealed to the judge, who reversed the ruling of the clerk upon the ground that the dower was improperly allowed and the allotment was excessive. The clerk was directed to issue proper process to the end that a fresh jury might make a proper allotment, and accordingly process issued, etc.
The second jury allotted the same property. The defendant creditors of the deceased husband excepted to the report of the second jury upon the grounds that the allotment was excessive; that it was irregularly *Page 194 
made, and also that the jury relied upon the finding of the former jury. The clerk overruled these exceptions, and sustained the report of the jury. The defendant creditors again appealed to the judge, the material part of which is as follows:
The court is of opinion that the allotment should be set aside and a new allotment made, for the following reasons:
1. For that the court finds as a fact that the allotment was excessive.
2. For that Judge Merrimon has already adjudged that the allotment was excessive and improperly made.
The ruling of the clerk is, therefore, reversed, and it is ordered that the allotment of the dower be set aside and that a new allotment be made. The clerk will issue the proper process to the end that a new allotment of dower may be made, and the cause is remanded to the clerk for that purpose.
From this judgment the plaintiff appealed, assigning error as follows:
1. The findings of fact, upon affidavits, by the judge, and the basing his judgment upon the findings of fact by Judge Merrimon.
(274) 2. His conclusions of law thereon.
The counsel for plaintiff insisted, on the argument here, that creditors of her late husband could not properly be made parties defendant in this proceeding; that they were improvidently made such, and had no right to accept or object to the allotment of dower by the jury, and hence, could not appeal from the order of the clerk overruling their exceptions. He further contended that these objections appeared upon the face of the record proper, and, therefore, the court ought not to have given the judgment complained of.
If it be granted that the plaintiff could avail herself of such objection here, in the absence of an appropriate assignment of error, we think such objection is not well founded. It is true that the statute regulating proceedings in applications for dower provides (The Code, sec. 2112) that "the heirs, devises and other persons in possession or claiming estates in the lands shall be parties to such proceeding." But it does not provide, in terms, or by implication, that only such persons shall or may be made parties. There is neither statutory provisions, nor principle, nor settled practice that forbids on prevents parties having an interest in or affected by a special proceeding to obtain dower, to be made parties to the same, as in other cases. The provisions of The Code of Civil Procedure are applicable to such a proceeding, except as otherwise provided (The Code, sec. 278), and among these provisions, pertinent and *Page 195 
applicable, is that (section 184) which prescribes that "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff," etc.
Now, obviously, the creditor of a deceased debtor whose (275) personal estate is insufficient to pay his debts, has a substantial interest that justly prompts him to see that excessive dower is not allotted to the widow of such debtor. It may be that the heir's interest in the land is trifling, in fact, worth nothing, and he may be hostile to the creditor, and collude with the widow asking dower. Hence the law gives the creditor opportunity to be heard in opposition to excessive dower in the proceeding whereby the widow seeks to obtain dower, and this without regard to any other possible remedy he may have. It might be, that if a creditor could not thus have remedy, he would be remediless. He clearly has such interest as entitles him to be made a party defendant to the end he may justly prevent the allotment of excessive dower. Moore, ex parte,64 N.C. 90; Lowery, v. Lowery, ib., 110; Avery, ex parte, ib., 113;Carney v. Whitehead, ib., 426.
It was, therefore, competent for the court to make the defendant creditors parties in a proper case, and in the absence of exception or objection, that they were not creditors whose interest might be affected adversely by excessive allotment of dower, it must be taken that they were properly made parties. No statute prescribes how objections to an excessive allotment of dower shall be made, but this is settled by rules of practice. It is said in Stiner v. Cawthorn, 20 N.C. 640, 501, that "the act of 1784 has not indicated the remedy for an illegal or excessive allotment of dower, but the usages of our courts have defined it, to wit: `That where the report of a jury is returned, exceptions may be thereunto taken by any one aggrieved, and the court will set aside the allotment and order a new allotment, if sufficient cause be shown'." As we have seen, a creditor may be one aggrieved. Moore, ex parte, supra.
The court below seems to have observed the settled rules of (276) practice. It was certainly competent for it to hear pertinent affidavits with a view to ascertain such facts as would enable it intelligently and fairly to determine that the allotment of dower by the jury was or was not excessive. It might hear any competent evidence for such purpose, and, ordinarily, it must be the sole judge of whether or not a reallotment shall be made.
The court also found the fact that the allotment was excessive, and the mere fact that a preceding judge had so found, could not render the findings of fact by a subsequent one void or at all affect its merits. It appears that both juries allotted the same property, and it may be that both judges found the like facts from substantially the same evidence. This they might do. If the allotment was excessive, as the court found *Page 196 
the fact to be so, then, as a matter of law, the court certainly had authority, and it was its duty, to direct another jury to make a reallotment. The court below, in the exercise of a sound discretion, must be the judge of how often, for just cause, it will direct a reallotment. An appeal lies from the order of the clerk to the judge. It is so expressly provided by the statute (The Code, sec. 252) which applies in special proceedings as well as in civil actions generally. Brittain v. Mull,91 N.C. 498.
Affirmed.
Cited: Wilson v. Featherston, 118 N.C. 841.