(Surrogate's Court, New York County.  February, 1906.)

ADMINISTRATORS—JUDGMENT—EXECUTION—FUNERAL EXPENSES.

Under Code Civ. Proc. § 1903, as amended by Laws 1904, p. 1285, c. 515, providing that damages recovered in an action for wrongful death may be used for paying the funeral expenses of the decedent, one who has recovered a judgment against the administrator for such expenses should have leave to issue execution to the amount of the fund arising from such source in the administrator's hands.

In the matter of the estate of John McDermott. Application for leave to issue execution on judgment against administrator. Granted.

Leon N. Futter, for petitioner.
John C. Robinson, for respondent.

THOMAS, S.   The application is for leave to issue an execution upon a judgment recovered against the administrator for moneys paid for the funeral expenses of the intestate.   The only fund shown to be in the hands of the administrator is the sum of $100, which is the net amount received on the settlement of an action for damages for the negligent killing of the intestate, after deducting the expenses of that action.   Prior to the amendment made to section 1903 of the Code of Civil Procedure by Laws 1904, p. 1285, c. 515, damages recovered in such an action were required to be "distributed by the plaintiff as if they were unbequeathed assets left in his hands after payment of all debts and expenses of administration."   No provision of statute authorized their use for funeral expenses.   The amendment of 1904 made the second sentence of the section read as follows:

"But the plaintiff may deduct therefrom the expenses of the action, the reasonable funeral expenses of the decedent and his commissions upon the residue; which must be allowed by the surrogate, upon notice, given in such a manner and to such persons, as the surrogate deems proper."

The only words added by the amendment were "the reasonable funeral expenses of the decedent," and the purpose of the Legislature plainly was to provide for the payment of funeral expenses out of damages recovered in actions for causing death.   Though the words "may deduct" in form confer a mere power, such power was given without limitation as to the persons in whose favor it was to be exercised.   It is not in terms made discretionary, and its exercise is rendered necessary by the scope of the statute and its clear intent and purpose.   If such a power had been granted by a will or deed, it would be an imperative power (Real Property Law, § 137, Laws 1896, p. 581, c. 547), and in construing the statute the word "may" should be read as "must" (Pelletier v. Saunders, 67 N. C. 261; Matter of Thornton, 5 Ohio Dec. 151). This construction is in harmony with the direction contained in section 2729, subd. 3, Code Civ. Proc., as follows:

"Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of decedent, and the same will be preferred to all debts and claims against the deceased."

This reading of these provisions of the statute makes the damages collected in such an action assets for the purpose of the payment of funeral expenses.

The application is granted, and leave is given to issue an execution for the sum of $100, with interest from the date of respondent's answer, being the amount admitted to be in the hands of the administrator.

Application granted.

---

(49 Misc. Rep. 413.)

### In re PRIMMER'S ESTATE.

(Surrogate's Court, Rensselaer County. February, 1906.)

**1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE.**

A claim against an estate, filed by the executor for services in burying the husband of testatrix eight years before her death, is barred by limitations.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 749, 760.]

**2. LIMITATION OF ACTIONS—PAYMENTS ON ACCOUNT.**

The payment of $40 on account. which is not shown to have been made within six years before the death of testatrix, does not avail to take the claim against her estate out of the statute.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, § 646.]

**3. EXECUTORS AND ADMINISTRATORS—FUNERAL EXPENSES.**

Where the whole estate of testatrix did not exceed $500, the executor should not be allowed $329.50 for funeral expenses.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 436, 755.]

In the matter of the settlement of the estate of Catherine Primmer. Account of executor surcharged as to certain amounts.

Frank H. Deal, for executor.
James Farrell, for contestants.