MRS. W. W. CALL POINDEXTER, WIDOW OF W. W. CALL, v. WILMA CALL, NINA CALL, AND WALTER CALL, JR., HEIRS AT LAW OF W. W. CALL.

(Filed 20 March, 1935.)

**1. Appeal and Error F b—**

Where there are no findings of fact or request therefor, the Supreme Court, on appeal, will not attempt to ascertain the material facts from conflicting affidavits, upon a sole exception to the judgment.

**2. Appeal and Error J d—**

The burden is on appellant to show error, the presumption being against him.

**3. Dower C a—Creditors of estate objecting to allotment of dower on the grounds that allotment is excessive must pursue remedy in apt time.**

While creditors of an estate may be permitted to contest the widow's allotment of dower in proper instances upon the ground that the allotment is excessive, they must pursue their remedy in apt time by excepting to the report of the jury, and their motion to be made parties in order to contest the allotment of dower, made in this case almost three months after approval by the court of the clerk's confirmation of the jury's report, *is held* too late.

**4. Dower C c—**

    Ordinarily, the court, before which exceptions to the report of the jury in the allotment of dower is heard, is the sole judge whether a reassignment or successive reassignments shall be made.

APPEAL by movants from *Oglesby, J.,* at Fall Term, 1934, of WILKES. Affirmed.

This is a motion in the cause lodged before the clerk of the Superior Court of Wilkes County by Mrs. T. J. Call and R. G. Call, creditors of W. W. Call, deceased, to have themselves made parties defendant in a proceeding instituted by Mrs. W. W. Call Poindexter, widow of W. W. Call, against the heirs at law of said W. W. Call for the allotment of her dower under C. S., 4105, *et seq.* The clerk denied the motion and the movants excepted and appealed to the Superior Court. The judgment of the clerk was affirmed by the judge holding the courts of the district, and the movants appealed to the Supreme Court, assigning error.

    *Bowie & Bowie for appellants.*
    *Chas. G. Gilreath and Burke & Burke for appellee.*

SCHENCK, J. The only assignment of error in the record is "that his Honor erred in confirming the judgment of the clerk of the Superior Court overruling the movants' motion to become parties defendant in the dower proceeding."

We gather from the record that the gravamen of the motion is that the movants are judgment creditors of the deceased to the amount of $4,474, and the dower allotted was in excess of one-third in value of the property of which the deceased died seized and possessed, and that the deceased was insolvent, and they are likely to suffer by reason of the excess in value of the allotment. However, it does not appear from the record that they ever requested any findings of fact to this effect, either by the clerk or, upon appeal, by the judge, and neither the clerk nor the judge found these facts, or any other facts.

Where there is no finding of fact, and no request therefor, the Supreme Court, upon appeal, will not attempt to ascertain the truth from conflicting affidavits, and the judgment will be affirmed, it being presumed correct with the burden on appellant to show error. *Henderson v. Hardware Co.,* 204 N. C., 775. We have examined the record, however, and find no reversible error. *Thresher v. Thomas,* 170 N. C., 680; *Cecil v. Lumber Co.,* 197 N. C., 81.

While under certain circumstances the court may permit creditors of a person who died seized and possessed of lands to be made a party to the proceeding for dower and contest the claim of the widow, such creditors must move in apt time. The remedy against an excessive assign-

ment of dower is by exceptions to the report of the jury, and ordinarily the court before which such exceptions are heard is the sole judge whether a reassignment or successive reassignments shall be made. *Stiner v. Cawthorn,* 20 N. C., 640; *Welfare v. Welfare,* 108 N. C., 272.

This proceeding was instituted on 12 May, 1933. The jury made their report allotting dower on 19 May, 1933, and, after it had lain in his office more than 30 days, the clerk confirmed the report on 20 June, 1933. The resident judge of the district approved the clerk's confirmation on 22 June, 1933. The movants did not give notice of their purpose to lodge their motion to be made parties until 15 September, 1933. It would seem that this motion came too late.

The judgment of the Superior Court confirming the judgment of the clerk denying the motion of the movants to be made parties defendant in the proceeding is

Affirmed.