Pearson, J.
The judge, in the Court below, was of opinion, that in the action of account against the defendants, who were tenants in common with the plaintiffs, and were sued as bailiffs under the statute,for using more than their just share, in proportion, of the profits, it was necessary for the plaintiffs to prove to the satisfaction of the jury, not only that the defendants were tenants in com *401 mon with the plaintiffs, and had been in the pernancy of the profits, but that they had received more than their just share or proportion. To this the plaintiffs excepted. We think there is error.
The action of account is peculiar, for in it there are two judgments; in the first place, there is judgment that the plaintiff and defendant account together, and in the second place, that the plaintiff or defendant recover the balance found to be due.
The first judgment, like an order of reference to the clerk to take an account in Equity, merely decides, that the plaintiff is entitled to an account; it can only be barred by proof that the defendant had already accounted, or by a denial, uncontradicted by proof on the part of the plaintiff, of the existence of any such relation between the parties, as gives the plaintiff a right to call for an ac-' count.
To require, as a preliminary question before the first judgment is given, that the plaintiff should prove to the jury, that the defendants have recéived more than a just share of the profits, is totally inconsistent with the nature of the action, for three reasons : 1st. It will require the plaintiff to prove to the jury the very thing that is to be decided by the auditor, and leaves nothing for him to do. 2nd. It will require the jury to investigate and decide matters of account, which the mode of proceeding in this action presupposes a jury is incapable of doing : 3rd. It will deprive the parties of the right given by the statute, of an examination on oath touching the matters in question.
Every tenant in common, who has been in the enjoyment of the property, is liable to account, but no recovery can be had against him, unless, upon taking the account, it is shown that he has received more than his just share. The mode of enjoyment is not material" It makes no difference, whether he uses it merely for shelter and as a *402 means of supporting himself and family, or makes money by selling the products, or receives money as rent; in either case he is bound to come to an account with his fellows, and can only avoid it, by averring, and proving, that he has already accounted.
The defendants’ counsel earnestly contended, that it was a hardship, to be subjected to a judgment to account, without proof in the first instance, that more than a just share had been received, and that no tenant is safe in taking possesion, if, by doing so, he subjects himself to the trouble and expense of an account. We are unable to perceive the force of the argument. If a bill is filed against an executor, or an agent, or a tenant in common, who has been in the perception of the profits, it would be strange, if the plaintiff was required, in the first instance, to prove that the defendant is in arrear. That is the very question to be settled by taking the account, and, if the plaintiff fails to establish it before the master, he pays the costs of the suit.
We think, therefore, there is error in the part of the charge excepted to by the plaintiffs, but it is apparent from the case, that they have not been prejudiced by the error. The part of the charge excepted to is a restriction or qualification of a general proposition, that the plain, tiffs were entitled to recover. There is manifest error in this general proposition, in favor of the plaintiffs, and of course an error in the restriction or qualification of an erroneous proposition could work no prejudice. The charge ought to have been, that the plaintiffs were not entitled to recover: this would have cut off the question, raised by the exception*
The action is fatally defective, by means of a misjoin-der, both of plaintiffs and defendants. The plaintiffs declare, not upon an express understanding with them jointly, but upon the implied understanding raised by the statute. Now the interest of tenants in common is several, *403 and of course this implied understanding with them must also be several — so their right of action is not joint, and there are too many plaintiffs, which is a fatal variance. In regard to the defendants, there is no proof that they received the profits jointly as partners. Each received portions of the profits severally, and therefore they cannot be sued jointly, for in that case each would be bound for the whole judgment, and, if the defendant, who had received the gratest share, happened to be insolvent, the burthen would fall on the others. The principle is the same, as that applicable to co sureties. If one of them pays the debt, he cannot, at law, sue the other two jointly, foreachis only liable for his aliquot part, and to allow a joint suit, would be to subject one to the whole recovery, altho’his fellow may be insolvent. Powel v. Mathis, 4 Ire. 83. It was ingeniously argued for the plaintiffs, that there was no plea under which advantage could be taken of the defect of parties, and he cited a passage, 1 Chitty 14, where it is said, “a variance, in respect to parties, can only be a ground of non suit, under the plea of non estfactum, in debt on specialty andcovenan*; and the general issue in all other actions,” It is clear, Chitty has no reference to the action of account, which he considers obsolete, and therefore does not treat of it — and in which, like covenant, there is properly speaking no general issue. As in the latter the variance may betaken advantage of, under non est factum, so in the former, it may be done, under the plea, that the defendants aro not the bailiffs of the plaintffs, in the manner alleged in the declaration. Both of these pleas deny the relation between^the parties as alleged, and if, upon the trial, there is a variance between the allegata and the probata, it is ground of non suit; if the plaintiffs will not submit to a non-suit, the Court must instruct the jury to find for the defendants.
Per Curiam. Judgment affirmed.