QUINCEY F. NEAL, Adm'r, &c. v. L. J. BECKNELL and others.

*Administration Bond—Sureties—Reference—Account.*

1. The bond of an administrator whose appointment has been revoked may be sued on by his successor in office or by the next of kin, in case of his failure to account fairly for the assets that came to his hands.

2. Where it is admitted or proved that there came into the hands of an administrator assets belonging to the estate of his intestate, it is proper to order a reference to take an account of his administration of the same, unless some defense is interposed which bars the right to such account.

(*Smith* v. *Collier*, 3 Dev. & Bat., 65 ; *R. R. Co.* v. *Morrison*, 82 N. C., 141 ; *Dozier* v. *Sprouse*, 1 Jones Eq., 152, cited and approved.)

APPEAL from an order made at Spring Term, 1881, of WILKES Superior Court, by *Seymour, J.*

This is an appeal from an interlocutory order of the superior court, directing an account to be taken of the administration of the estate of Rachel Stokes, which came, or ought to have come, to the hands of Jacob Fraley, the administrator *de bonis non* thereof. The defendants are the sureties on the bond given by the said Fraley as such administrator.

The letters of administration were granted to said Fraley in the fall of 1862, and on the 21st of November, in that year, he sold personal property amounting to upwards of fifty thousand dollars in value. In July, 1863, the court

revoked the letters of administration theretofore granted, in consequence of the pendency of an issue of *devisavit vel non*, but in November, 1864, reappointed the said Fraley as such administrator, who then gave another bond with other sureties. The said Fraley has since died, and the present plaintiff has been appointed administrator *de bonis non* of the said Rachel Stokes, and brings this action on the first bond given by his predecessor as above stated. In his complaint he assigns as breaches of the bond that the said Fraley failed to collect debts due the estate to the amount of ten thousand dollars and more; that he negligently and imprudently accepted Confederate money, when greatly depreciated, in payment for personal property, and lands sold by him, to the amount of at least fifty thousand dollars; that he negligently omitted to collect debts due him for property sold as administrator, and negligently permitted a large amount of confederate money, which came to his hands as such, to remain uninvested, whereby it was wholly lost, and that he misapplied to his own uses a large amount of the money received by him belonging to the estate. The plaintiff prays judgment that there may be an account taken, &c.

In their answer the defendants admit that the said Fraley was so appointed administrator, and that he took possession of the personal property belonging to the estate and sold the same, as well as some lands. They admit the execution of the bond sued on, but deny that their principal was guilty of any of the breaches complained of, and insist that the bond was made void by the subsequent revocation of the letters of administration, and further, that the conditions thereof are not such as the law prescribes and therefore it is void.

At the hearing in the court below, the plaintiff moved the court to order an account to be taken of the administration of the estate by the said Fraley, which motion was resisted by the defendants upon the ground that they had a

right to have certain issues passed upon before such an account could be ordered, and they submitted the following as the issues which they desired to have found : 1. Are the defendants as sureties of Jacob Fraley liable to plaintiff for anything upon the bond declared on? 2. If so liable, are they liable for any act of said Fraley after July, 1863, when the letters first given him were revoked? 4. If so liable, are they liable to account for the proceeds arising from the sales or rents of the real estate?

A jury trial being waived, his Honor found the facts to be, that the present plaintiff is the administrator *de bonis non* of Rachel Stokes, deceased ; that at fall term, 1862, of the county court of Wilkes county, Jacob Fraley was appointed administrator *de bonis non* of the estate of said deceased, and gave the bond sued on with the defendants as his sureties ; that in November, 1862, he sold personal property exceeding in value the sum of fifty thousand dollars, and some real estate ; that his letters were revoked in July, 1863, while an issue of *devisavit vel non* was pending, but he was reappointed in November, 1864, and gave another bond with other sureties. Upon these facts the court ordered a reference to the clerk to take the account asked for by the plaintiff, and declined to pass upon the second and third issues proposed by the defendants, holding them to be matters that more properly belonged to the account, and could be raised by exceptions thereto. To this ruling the defendants excepted and appealed.

*Mr. J. M. Clement*, for plaintiff.
*Messrs. R. F. Armfield* and *D. M. Furches*, for defendants.

RUFFIN, J. In their argument here, the defendants' counsel did not strenuously insist upon the point that the bond sued on was rendered void, by reason of the subsequent revocation of the letters of administration granted to

Fraley in 1862, but still, they did not abandon it, and thereby imposed upon us the duty of determining it.

If any authority is needed in regard to it, the case of *Smith* v. *Collier*, 3 Dev. & Bat. 65, is directly in point. There, it was held that the bond given by an administrator, whose appointment was subsequently revoked and another appointed in his stead, might be sued on by his successor in office, or by the next of kin, in case of his failure to account fairly for the assets that came to his hands. This being so, and it being admitted in the answer, as well as found as a fact by the judge, that there came to the hands of Fraley as administrator assets of the estate of his intestate to be by him administered, it is certain that the plaintiff is entitled to the decree for an account, unless there be something in the defences set up that takes away that right.

To have that effect, the defence must be such as, if true, meets the whole of the plaintiff's demand for an account, (such as *bars the account* as is said in the case of the *Railroad* v. *Morrison* 82 N. C., 141) since at this stage of the case, nothing else is heard or considered, but the bare right to the decree for the account, and the courts never undertake in advance, to say, what shall constitute, or not, an item of charge in the account, but leave all such matters to be determined upon exceptions thereto.

The rule of the courts of equity in this particular, and the reason upon which it is founded, are so clearly stated by PEARSON, J. in *Dozier* v. *Sprouse*, 1 Jones Eq., 152, that we cannot do better than refer to that case.

Apply the rule to the defences set up in this action, and what is the result? The matter involved in the first of the proposed issues did go to the whole of the plaintiff's demand, and if true, defeated his right to have any account as against these defendants. His Honor therefore rightly considered it before making the decree—holding as a conclusion of law, upon the facts found by himself, that the

bond declared on was not annulled by reason of the revocation of the letters, which had been issued to the principal obligor therein, in which conclusion, as we have seen, this court fully concurs. The other two issues plainly refer to matters that pertain to the account, and should properly, as said by his Honor, be heard only upon exceptions to the report of the master.

There is no error. Let this be certified to the superior court of Wilkes county, to the end that the cause may be proceeded with.

No error.                                              Affirmed.