\*G. R. HODGES v. WILMINGTON & WELDON RAILROAD COMPANY.

*Pleading—Misjoinder—Action Divided—Statutory Duty.*

Plaintiff's complaint contained two causes of action, one to recover damages alleged to have been caused by the road-bed erected by defendant ponding water back on plaintiff's land; the other to recover damages for an alleged breach of duty on the part of defendant in not putting up sufficient cattle-guards as required by *The Code*, § 1975, whereby cattle trespassed upon plaintiff's enclosed lands and crops.   On demurrer held an improper joinder of causes of action, the first being for injury to property, a tort, while the second arose "upon contract" for the breach of an implied contract to perform a statutory duty, and the action should be divided.

---

* Head-note by CLARK, J.

HODGES *v.* RAILROAD.

ACTION, before *Armfield, J.,* determined upon demurrer at November Term, 1889, HARNETT Superior Court.

From judgment overruling demurrer, defendant appealed.

*Mr. F. P Jones,* for the plaintiff.

*Mr. T. H. Sutton,* for the defendant.

CLARK, J.: The complaint alleges that, by reason of the road bed of defendant, erected over plaintiff's land, the water was ponded back—water sobbing his land and damaging his crops; and, secondly, that it was the duty of the defendant to erect good and sufficient cattle-guards at the points of entrance and exit of its track upon plaintiff's enclosed land, and, by reason of failure to comply with such duty, stock had passed into plaintiff's enclosure and damaged his crops; thirdly, that the building of defendant's road-bed and embankment, had turned the natural flow of the water, causing deep gullies to be washed in plaintiff's land. The defendant demurred for misjoinder of causes of action, upon the ground that the alleged breach of the duty imposed by statute of keeping up sufficient cattle-guards was upon an implied contract and could not be joined with the other causes of action, which were for injuries to real property.

A cause of action for tort cannot be joined in the same action with a cause of action upon contract unless they arise out of the same transaction, or transactions connected with the same subject of action. Such is not the case here. The first and third causes of action allege injury to real property by reason of the erection of defendant's embankment and road-bed. This is the transaction which is the subject of the action. The other cause of action has no necessary connection therewith. It existed, whether defendant had erected an embankment or not, and was for failure of defendant to put up cattle-guards at the points where defendant's track passed through plaintiff's enclosure. In the absence of legislation there was no duty imposed upon defendant to put

up such cattle-guards. Had this second cause of action arisen from wrongfully piercing plaintiff's line of fence, and thereby turning in cattle, unless fenced out by plaintiff, this would have been a tort. But so far from that, the defendant was authorized by law to enter, and compensation was given plaintiff for such lawful entrance, by proceedings to condemn the right-of-way. The second cause of action was for failure to perform the duty imposed by *The Code,* § 1975. An action for the alleged breach of the implied contract to perform a statutory duty "arises upon contract." A case exactly in point is *Utica & Black River Railroad Company* v. *Thomas,* 20 Am. and Eng. R. R. Cases, 93. There, the complaint was to recover damages caused by railroad embankment ponding back water on adjacent land, and for neglect of the railroad company to erect and maintain a farm-crossing, as required by statute. The Court held that the two causes of action did not arise out of the same transaction, and, inasmuch as the second cause of action was for failure to perform a statutory duty, it "arose upon contract," and there was a misjoinder. In *N. Y. & N. H. Railroad* v. *Schuyler,* 34 N. Y., 85, it is laid down that "all duties imposed upon a corporation by law raise an implied promise of performance." To same effect, *Inhabitants of Booth* v. *Freepoint,* 5 Mass., 326; STORY, J., in *Bullard* v. *Bell,* 1 Mason, 243; *Kortright* v. *Buffalo Bank,* 20 Wend., 94, and *Carrol* v. *Green,* 92 U. S., 513.

We think the demurrer should have been sustained. *The Code,* § 267; *Logan* v. *Wallis,* 76 N. C., 416; *Doughty* v. *Railroad,* 78 N. C., 22. But the plaintiff is entitled below to an order to have the action divided into two, without further service of summons. *The Code,* § 272; *Street* v. *Tuck,* 84 N. C., 605; *Finch* v. *Baskerville,* 85 N. C., 205.

The defendant would have been entitled, in any event, to an order of repleader, because the different causes of action are not stated separately as such, but all together, without any separation or distinction.                    Error.