### T. M. HESTER v. JAMES MULLEN.

*Slander—Statute of Limitations—New Cause of Action—Amend-ments of Pleadings.*

1. An action for slander is barred in six months.
2. Where the plaintiff brought an action for slander more than six months after the cause accrued, and then afterwards amended his complaint so as to include words spoken within six months before the beginning of the action, but more than eighteen after the filing of the amended complaint, and the defendant pleaded the statute of limitations: *Held,* (1) the plaintiff's cause of action was barred; (2) the amended complaint set up a new cause of action, and this was also barred.

This was a CIVIL ACTION to recover damages for alleged slander, tried before *Brown, J.,* at Fall Term, 1890, of LINCOLN Superior Court.

The statement of case on appeal is as follows:

"Upon the trial it was admitted by counsel that in the original complaint the plaintiff had complained and alleged a cause of action for words uttered by the defendant in April, 1888, to which the defendant answered and duly pleaded the statute of limitations. The summons is dated and was issued January 20th, 1889.

"At Spring Term, 1890, the plaintiff applied to the Court for general leave to amend the complaint, the defendant objecting. Leave to amend was granted.

"On April 19th, 1890, the plaintiff filed an amended complaint, setting up a cause of action for other words uttered by the defendant on another occasion, to-wit, on September 14th, 1888. The defendant filed answer, pleading statute of limitations."

The Court held that upon the amended complaint, setting forth a new cause of action, the plea of the statute should be sustained, and intimated that the jury would be instructed upon the facts admitted and above set forth to find the issue as to the statute of limitation in favor of the defendant. Whereupon the plaintiff submitted to a non-suit, and appealed.

No counsel for plaintiff.
*W. A. Hoke*, for defendant.

DAVIS, J.—after stating the facts: By section 157 of *The Code*, "an action for slander" must be brought within six months.

In the case before us the summons was issued the 21st of January, 1889.

The first complaint alleged a cause of action for words uttered in April, 1888, more than six months before the summons was issued, and was barred.

At Spring Term, 1890, leave was granted to the plaintiff to amend his complaint, the defendant objecting, and on the 19th of April, 1890, he filed an amended complaint setting up a cause of action for other words uttered by the defendant on September 14th, 1888, "within six months" of the issuing of the summons, but more than eighteen months before the filing of the amended complaint.

This cannot be done without the consent of parties, for while the power of the Courts to allow amendments in furtherance of justice is a very broad one, it has its limitations, and, after the action is commenced and the complaint is filed, as was said by the present Chief Justice, in *Clendenin* v. *Turner*, 96 N. C., 421, " Only such amendments as to parties or the cause of the action may be made as its nature and scope warranted. Amendments in this respect must be such, and only such, as are necessary to promote the completion of *the action begun.*" In the present case the action *begun,* as set out in the first complaint, was for words spoken in April, 1888; the amended complaint sets out a new and distinct cause of action for other words spoken in September, 1888, and as to the latter new and distinct cause of action, the amended complaint must be treated as the beginning of the action. *Ely* v. *Early*, 94 N. C., 1; *Clendenin* v. *Turner*, *'supra; Robbins* v. *Harris*, 96 N. C., 557, and the cases cited in them.

No error.