W. R. SAMS v. PRICE, WELCH & CO.

*Practice—Amended Complaint—New Cause of Action—Statute of Limitations.*

Where plaintiff sued for the price of "sawed timber" and afterwards filed an amended complaint alleging that one M sold to defendants a "lot of logs" and that it was agreed between plaintiff and M and the defendants that plaintiff should be paid a certain sum from the sale of one half thereof; *Held,* that the cause of action was changed by such amended complaint and the defendants had a right to set up in their answer thereto any and all legal defences, including the Statute of Limitations, just as if the action had been commenced at the date of the amended complaint.

CIVIL ACTION tried before *Norwood, J.,* and a jury at Fall Term, 1897, of MADISON Superior Court. The facts appear in the opinion. There was a judgment for defendants, on the verdict, and plaintiff appealed.

*Messrs. Gudger, Pritchard & Rollins,* for plaintiff (appellant).
*Mr. Geo. A. Shuford,* for defendants.

MONTGOMERY, J.: In the original complaint the plaintiff's cause of action was based on a sale and delivery to the defendants of a lot of *sawed timber* at the agreed price of $401.54. After the testimony had been concluded the Judge allowed the plaintiff to amend his complaint. The amendment was an allegation that one McLean sold to the defendants a *lot of logs* and agreed with the defendants that out of the money which might arise from the sale of one half of the lumber to be cut from the logs they would pay to the plaintiff $401.54; that defendants and McLean and the plaintiff agreed to this arrangement, and that defendants received the lumber and have refused to pay to the plaintiff the $401.54. The defendants denied the allegation contained in the amended complaint and pleaded the Statute of Limitations to it. The following issues were submitted:

1. Are the defendants indebted to the plaintiff, if so how much?

2. Did the plaintiff's cause of action alleged in his amended complaint accrue more than three years before the filing of said amended complaint?

His Honor charged the jury that the plaintiff had offered no evidence which they could consider in their answer to the first issue upon the allegations made in the original complaint, and that if more than three years had elapsed next preceding the filing of the amended complaint they should find the second issue, yes. There was no error in the charge of his Honor.

We have examined the testimony offered in the case, and none of it was relevant to the allegations of the original complaint. The amended complaint was filed in August, 1897, and the testimony of the plaintiff was that the contract declared upon in the amended complaint was made in October, 1893. The cause of action set out in the amended

121—50

complaint was entirely different from the one embraced in the original complaint. There was a change of subject matter of controversy and other parties were brought in. The defendants therefore, had the right in their answer to the amended complaint to set up any and all legal defences that were open to them just as if the action had been commenced at the date of the amended complaint. *Gill* v. *Young*, 88 N. C., 58; *Hester* v. *Mullen*, 107 N. C., 724.

The answer to the first issue was $375 and to the second, Yes, and judgment was rendered against the plaintiff.

Affirmed.