REYNOLDS v. RAILROAD CO.

(Filed November 15, 1904).

PLEADINGS—*Amendments—Torts—The Code, secs. 213, 267, 276—Actions.*

> It is not error to allow a plaintiff to amend his complaint, assumed to state a cause of action on contract, so as to declare on a tort arising out of the same transaction.

ACTION by J. K. Reynolds against the Mt. Airy and Eastern Railway Company, heard by *Judge W. R. Allen,* at April Term, 1904, of the Superior Court of SURRY County.

This action was brought to recover damages for a breach of contract and for an injunction against the operation of defendant's railway upon plaintiff's land. It is alleged in the complaint that for certain valuable considerations, which are set forth in detail, the defendant promised and agreed to construct and operate a line of railway from the town of Mount Airy to the White Sulphur Springs, which are owned by plaintiff and at which he has a hotel and conducts a summer resort. It is further alleged that for the purpose of constructing said railway the defendant appropriated and used, with the consent of the proper authorities and of the plaintiff, a carriage and wagon road from Mount Airy to the Springs upon condition that it would have the proposed railway line completed and ready for the transportation of the guests of the plaintiff from Mount Airy to the Springs by the time the season commmenced in 1899. The plaintiff then alleges, with much particularity, the various negotiations between him and the defendant with a view of bringing about a speedy fulfillment of the contract, and also the continued failure of the defendant to comply with its promises. It is then alleged as follows: "That the defendant throughout the whole transaction, as shown by its conduct towards the plaintiff, has intended

from the beginning only to use the plaintiff in order to carry out its original purpose of building and using said railroad solely as a tramway or lumber road, intending to abandon the same as soon as the lumber was exhausted." The defendant in its answer denies all the material allegations of the complaint, and sets up a counter claim arising out of the same transaction as that mentioned in the complaint, or at least connected with the subject of the action; it is not necessary to set it out with any more particularity. Subsequently the plaintiff moved to amend his complaint "so as to declare upon a tort instead of upon a contract as set out in the present complaint," and the motion having been granted the defendant excepted "on the ground that the proposed amendment would change the nature of the action and that the allowance of it was not within the power of the Court," and appealed from the order.

*Watson, Buxton & Watson,* for the plaintiff.
*Carter & Lewellyn* and *Lindsay Patterson,* for the defendant.

WALKER, J., after stating the facts. The Code provides that a plaintiff may unite in the same complaint several causes of action, whether they be such as have heretofore been denominated legal or equitable, or both, when they all arise out of the same transaction or a transaction connected with the same subject of action. The Code, sec. 267. This being so, the plaintiff could have added his cause of action in tort to the cause of action already alleged, if he had been so minded, provided it appeared that the second cause of action arose out of the same transaction, or was founded upon a transaction connected with the same subject of action as the first. Under said provision of the law a cause of action in contract can be joined with one in tort, if they both come

within the same class designated in The Code, sec. 276 (1). This has been well settled by recent decisions. *Hodges v. Railroad,* 105 N. C., 170; *Benton v. Collins,* 118 N. C., 196; *Cook v. Smith,* 119 N. C., 350; *Daniel v. Fowler,* 120 N. C., 14. The reason why the two causes of action in tort and in contract should be joined and the inconvenience of any other rule is clearly stated by the present *Chief Justice* in *Cook v. Smith* and *Daniel v. Fowler.* If the plaintiff could have added to his present cause of action another one sounding in tort, why should he not be allowed to substitute the latter for the former, as it will not be a new cause of action in any sense if it is one which is based upon the same transaction or connected with the subject of the action. The power of the Judge, in the exercise of his discretion and under the circumstances, to permit him to add another cause of action in tort cannot we think be questioned, nor, consequently, can the power to substitute the one for the other.

We have assumed that the plaintiff intends in his proposed cause of action to declare in tort upon the same transaction as the one upon which the present cause of action is founded. The precise nature of the amendment does not appear in the record. It is only stated that the plaintiff was allowed to amend by declaring on a tort instead of on a contract. This of course is not sufficiently definite to give us any idea of the nature and scope of the amendment, but the general form of the order indicates that the plaintiff will at least substantially rely upon the facts as now pleaded, adding thereto such averments as may be necessary to convert the cause of action, so far as its form is concerned, from one in contract to one in tort. We must assume this to be the case, as we are not permitted to presume, if the fact does not clearly appear, that the Court committed error. The Court has the general power to allow amendments, and the liberal exercise of this power is encouraged for the purpose of trying

causes upon their real merits. If, in this particular case, the Court did not have the power, the appellant should have had the facts so stated in the record as to show that it did not. In other words, he had the right to have the plaintiff state the substance of the amendment, so that he could avail himself of any valid exception to the ruling of the Court if there was any.

If we are right in our assumption as to the nature of the amendment, the latter will not come within the rule that the plaintiff cannot amend by setting up a new and different cause of action not germane to the first, as it will not be such but merely a different mode of stating the same cause of action and the correction of a mistake in pleading by the insertion of other allegations material to the case, which will not change substantially the claim but will merely conform it-to the facts to· be proved. The Code, sec. 273; *Simpson v. Lumber Co.,* 133 N. C., 95; *Ely v. Early,* 94 N. C., 1; *King v. Dudley,* 113 N. C., 167. In this respect the order of the Judge is fully sustained by what is said in *Pender v. Mallett,* 123 N. C., at page 61: "The second complaint is not for a different cause of action and antagonistic to the first, but merely a different mode of stating the same cause of action, and, if it were as the demurrer alleges, the second complaint is in effect a substituted complaint by leave of the Court, and might be different or even antagonistic to that stated in the original complaint, for this is not the case of an amendment of summons or even of the complaint, to confer jurisdiction by charging an entirely new cause of action or evading defenses in the original action, which would not be admissible." This case seems to us to be directly in point, whether the plaintiff proposes to substitute a new cause of action or not, and it must govern this case. The jurisdiction of this Court will not be affected in the least by the change in the pleading, nor will the defendant be deprived

of any defense he would otherwise have had, and, as to the statute of limitations, if it is applicable, and it appears in any development of the case that the plaintiff has set up an entirely new cause of action, not connected with or growing out of the transaction as now set forth in the complaint, but entirely foreign to it, the defendant may by answer avail himself of the limitation in bar of the action, which for that purpose will be treated as having been commenced at the date of the amended complaint. *Christmas v. Mitchell,* 38 N. C., 535; *Gill v. Young,* 88 N. C., 58; *Sams v. Price,* 121 N. C., 392; *Hester v. Mullen,* 107 N. C., at p. 726. This is not a case in which the proof establishes a case wholly different from that made in the pleading (*Carpenter v. Huffsteller,* 87 N. C., 273), for there has been no proof.

We have not overlooked the fact that the plaintiff has almost charged the defendant with the commission of a tort, as will appear from that part of his complaint which we have quoted in stating the case. It may be that he merely intends to rely upon the tort thus indicated and to state his alleged cause of action with more fullness and technical accuracy. If that is the cause of action upon which he will declare in his new complaint, we do not wish to be understood by what we have said as intimating any opinion as to its validity. In any view we can take of the case we are of the opinion that the ruling of the Court was correct.