BICKLEY CLOTHING COMPANY ET ALS., CREDITORS WATAUGA SUPPLY COMPANY, v. L. C. GREEN, L. W. GREEN, T. M. MORETZ, W. R. GRAGG, C. A. ELLIS, M. P. CRITCHER, G. P. HAGGAMAN, B. B. DOUGHERTY, L. F. CAMPBELL, AND J. S. McBRIDE, RECEIVERS OF WATAUGA SUPPLY COMPANY, AND MRS. FLORENCE I. MORETZ.

(Filed 21 May, 1924.)

**1. Actions—Suits—Creditor's Bill—Insolvent Corporations—Receivers—Parties.**

While the creditors of an insolvent corporation may, under certain circumstances, maintain a suit in equity in the nature of a creditor's bill, to establish their debts and compel a proper application of the corporation's assets to the payment of their claims, this right of action is primarily in a receiver, when one has been appointed, and he alone is the proper party to prosecute the action, unless cause is shown to the contrary.

**2. Same—Misjoinder—Dismissal.**

A creditor's bill against an insolvent corporation, to compel the payment of unpaid balance of subscriptions to its capital stock; fraud in the taking over and misappropriation of its funds in the management of its affairs by certain of the defendants alleged to be in control, claiming to be the owners, suits by certain individual creditors against still other defendants on separate demands or claims against the latter, is a misjoinder of parties and causes of action, and is properly dismissed in the Superior Court.

CIVIL ACTION heard on demurrer before *Finley, J.,* at September Term, 1923, of WATAUGA.

Demurrer for misjoinder of parties and of causes of action. Demurrer sustained and action dismissed, and plaintiffs excepted and appealed.

*J. B. Councill and W. R. Bauguess for plaintiffs.*
*Brown & Bingham and W. C. Newland for defendants.*

HOKE, J.　Plaintiffs, thirty-two or thirty-three in number, separate creditors of the Watauga Supply Company, for themselves and all other creditors, etc., have instituted the present action in the nature of a bill in equity to realize on the assets of said company in their favor, "individually and collectively," and it is alleged, among other things, that the Watauga Supply Company is insolvent, and J. S. McBride, made a defendant, has in some proceedings, the nature of which is not definitely stated, been appointed and is now receiver of the company.

For causes of action the complaint, after stating the indebtedness of company to plaintiffs, alleges that six of defendants—Gragg, C. A. Ellis, M. P. Critcher, G. P. Haggaman, B. B. Dougherty and L. F. Campbell—were the original stockholders and have only paid in 50 per cent of the stock subscribed by them, and the other 50 per cent is due and owing, and for said balance, amounting in the aggregate to $10,000, said defendants are liable to plaintiffs, creditors of the corporation, the number of shares and the amount due from each on their respective subscriptions being specifically stated.

Plaintiffs allege further that defendants T. M. Moretz, L. C. Green and L. W. Green, claiming to have acquired the ownership of the shares of stock, and in possession and control of the company's business on and after 1 January, 1923, commenced to fraudulently dissipate the stock by the company selling the same in bulk and at prices greatly below their true value, reducing the stock and property in a short time from fifteen or twenty thousand dollars, more than sufficient to pay all the indebtedness of the company, to $3,000 or less, wrongfully and fraudulently appropriated the proceeds to their own use, and judgment is demanded for said fraud and wrongs and order of arrest sought against these named defendants.

Again it is alleged that one of plaintiffs, Cowan, Mahoney & Co., has a valid claim by note due and unpaid against T. M. Moretz, L. C. Green and L. W. Green amounting to $1,100 and interest. And further, that the Credit Clearing House of Knoxville, Tenn., holds notes aggregating $1,453.05 against the company, in trust for three of the individual plaintiffs, and endorsed by two of the defendants, L. C. Green and Mrs. Florence I. Moretz, and demands judgment: That plaintiffs recover judgment for the balance due from the original subscribers for unpaid stock subscriptions.　Second, that Cowan-Mahoney Co. have judgment on the note signed by J. M. Moretz, L. C. Green and L. W. Green.　That the beneficiaries of the amount due in trust to the Credit Clearing House of Knoxville have judgment for $1,453.05 against Mrs. Florence Moretz as guarantor of said indebtedness.

It is recognized that the creditors of an insolvent corporation may, under proper circumstances, maintain an action in the nature of a bill

in equity against the company and others to establish their debts and compel a proper application of the company's assets to their claims. When it appears, however, that a receiver has been appointed, the rights of action to realize on the company's property is primarily in him, and it is usual to require that they be prosecuted by him unless cause is shown to the contrary. 7 R. C. L., p. 387, citing *Cushing v. Perot,* 175 Pa. St., p. 66, and other cases.

Conceding that this of itself may at times be treated as only a defective statement of a cause of action, curable by appropriate amendment, when a number of individual creditors undertake for themselves and others to realize on the assets of the corporation by suits against third persons, they must assert their claims by orderly procedure and conform to the rules prevailing in such cases, one of them being that a misjoinder of both parties and causes of action is a fatal defect.

Considering the present complaint in view of this position, it is clear that the record presents such a misjoinder, both of parties and causes of action, embracing a suit by creditors against the original stockholders for unpaid balances due on their original subscriptions; second, a suit by such creditors against three other defendants alleged to be in control of the property and goods of the corporation, claiming same as owners for fraudulent dissipation of these assets; third, suits by certain individual creditors against still other defendants on a separate demand or claim against the latter, and, under our decisions applicable, the court below has correctly ruled that the cause be dismissed. *Rose v. Warehouse Co.,* 182 N. C., 107; *Roberts v. Mfg. Co.,* 181 N. C., 204; *Thigpen v. Cotton Mills,* 151 N. C., 97; *Cromartie v. Parker,* 121 N. C., 198.

Judgment affirmed.