VIRGINIA GRAY THIGPEN, VIRGINIA THIGPEN LOY, MARTHA THIGPEN ROSE AND SNOW THIGPEN v. FARMERS BANKING AND TRUST COMPANY, TARBORO, NORTH CAROLINA, EXECUTORS OF W. J. THIGPEN, DECEASED; FARMERS BANKING AND TRUST COMPANY, TARBORO, NORTH CAROLINA, AND NORTH CAROLINA BANK AND TRUST COMPANY.

(Filed 12 October, 1932.)

**1. Executors and Administrators G b—Suit in this case held in nature of bill to surcharge and falsify executor's account.**

A suit by the beneficiaries under a will to have the executor account for mismanagement of the estate is in the nature of a bill in equity to surcharge and falsify the executor's account. C. S., 135.

**2. Same—Executor is not an insurer, but is required to exercise care and diligence of ordinarily prudent man.**

An executor is not held to the responsibility of an insurer in carrying out the terms of a will, but he is required to exercise the care and diligence in collecting and securing the assets and managing the property that a prudent and faithful man would in the management of his own business, and where the executor has failed to exercise the required diligence he may be held liable by the beneficiaries under the will.

**3. Executors and Administrators G a—Ordinarily executor of small estate will be allowed 5% on receipts and disbursements.**

While there is no hard and fast rule in regard to the allowance of commissions to executors in not over 5 per cent as prescribed by statute, as a general rule the executors of small estates will be allowed a commission of 5 per cent on receipts and 5 per cent on technical disbursements, and technical disbursements exclude disbursements to beneficiaries or heirs.

**4. Reference C a—Court has power to make additional findings in consent reference.**

Upon the filing of the report of the referee in a consent reference, as well as in a compulsory one, the trial court has the power to affirm, amend, modify, set aside, make additional findings and confirm, in whole

or in part, or disaffirm the report of the referee, and where the court has made additional findings and there is evidence to sustain them the action of the court will be given the effect of a verdict of a jury and will not ordinarily be disturbed on appeal. C. S., 578.

5. **Appeal and Error J d—Appellant has burden of showing error.**

The burden is on appellant to show prejudicial or reversible error amounting to a denial of substantial justice.

APPEAL by both plaintiffs and defendants from *Cranmer, J.,* at March Term, 1932, of EDGECOMBE. Both plaintiffs' and defendants' appeal affirmed.

The judgment of the court below, in part, is as follows: "As set forth above, it is adjudged by the court that the defendants are liable to the plaintiffs in the following sums:

$731.94 excess commissions received by defendants.

206.98 excess advancements made to croppers.

282.25 value of crops left by Satterthwaite on Hyman Farm and remaining there 28 March, 1930, being amount found by the referee to be due and not excepted to.

64.27 from M. J. Ivey, or proceeds of sale of personal property remaining on Hyman Farm 28 March, 1930, amount found to be due by the referee and not excepted to.

$1,285.44 total.

That these amounts should bear interest from 24 September, 1930, date of filing purported final account by executor.

That it is therefore by the court ordered, considered and adjudged that the plaintiffs do recover of the defendants, jointly and severally, the sum of one thousand, two hundred and eighty-five and 44/100 dollars ($1,285.44), with interest on the same at the rate of 6 per cent per annum, until paid, from 24 September, 1930, and that the plaintiffs do further recover of the defendants, jointly and severally, their costs of this action, including the sum of $80.00 heretofore advanced by the plaintiffs at the request of the referee on account of stenographic work at the hearing before the referee.

It is ordered and adjudged that W. J. Bone, referee, be and he is hereby allowed the sum of $350.00 for his services, of which amount the sum of $100.00 shall be paid by the plaintiffs and the sum of $250.00 by the defendants.            E. H. CRANMER, *Judge Presiding."*

Various exceptions and assignments of error were made by both plaintiffs and defendants, and all of the parties appealed to the Supreme Court.

*H. H. Phillips for plaintiffs.*
*Geo. M. Fountain and Gilliam & Bond for defendants.*

CLARKSON, J. This is an action brought by plaintiffs, who are the sole legatees and devisees, widow and children, under the last will and testament of Dr. W. J. Thigpen, against the Farmers Banking and Trust Company, executor under said last will and testament of the said Dr. W. J. Thigpen. The said Farmers Bank and Trust Company, is now merged with the defendant North Carolina Bank and Trust Company, defendant. C. S., 135; *Fisher v. Trust Co.,* 138 N. C., at p. 98; *S. v. McCanless,* 193 N. C., 200; *In re Estate of Wright,* 200 N. C., 620.

The matter was referred by the court below to W. J. Bone, Esq. In the record we find "It is admitted by all parties that said order of reference was duly and properly made *by consent of all parties."* The referee found certain facts and based his conclusions of law thereon. It is contended by plaintiffs that he failed and omitted to find certain material facts, among them, the following: "That the total advancements in money overpaid said croppers as aforesaid, from the date of executor's qualification to 4 January, 1930, amounted to $206.98, for which amount the executor should be liable to account to the plaintiffs." *Snipes v. Monds,* 190 N. C., 190. This was sustained by the court below and allowed the plaintiffs. There was sufficient competent evidence to sustain this finding of fact. Both the plaintiffs and defendants made numerous exceptions and assignments of error to the referee's report, and appealed to the Superior Court. The Superior Court rendered judgment as set out in the record, and both plaintiffs and defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

The contentions of plaintiffs were bottomed on the alleged negligent mismanagement of the estate of Dr. W. J. Thigpen by the executor, the defendant Farmers Banking and Trust Company, now merged with defendant North Carolina Bank and Trust Company. The action is in the nature of a bill in equity to surcharge and falsify the executor's account.

Section 4 of the will is as follows: "It is my will and desire that my executor proceed to pay all debts against my estate *as soon as possible,* and to that end is authorized to sell such part of my estate, real or personal, without order of court, publicly or privately, as may be neces-

sary to provide such funds, and to close the administration of my said estate *as early as possible after my death.*"

In *Gay v. Grant,* 101 N. C., at p. 209, citing numerous authorities, the following observations are made: "It has been often held that an administrator is not an insurer of the estate committed to his charge. If he exercises the diligence and care in collecting and securing the assets of the estate which a prudent and faithful man would in the management of his own property, and losses occur which he could not prevent, he will not be charged with such losses. He is only required to be honest, faithful and diligent."

In *Moore v. Eure,* 101 N. C., at p. 16, we find the following: "Good faith and the use of ordinary care and reasonable diligence are all that can be required of executors and administrators, whether resident or nonresident. They are not insurers. *DeBerry v. Ivey,* 2 Jones Eq., 370; *Nelson v. Hall,* 5 Jones Eq., 32." The above principle is well settled in this jurisdiction.

In regard to public officers, the rule is different. They are insurers, including such losses as arise from the act of God or the public enemy. *Indemnity Co. v. Corporation Commission,* 197 N. C., at p. 564. The "hard rule upon public officers" has never been held to apply to executors and administrators. *Moore v. Eure, supra.*

C. S., 157, in part, is as follows: "Executors, administrators and collectors shall be entitled to a commission not exceeding five per centum upon the amount of receipts and expenditures which shall appear to be fairly made in the course of administration, and such allowance may be retained out of the assets against creditors and all other persons claiming an interest in the estate. In determining the allowance the trouble and time expended in the management of the business shall be considered," etc. It will be noted that the act says *"not exceeding 5 per centum."* Then again, in determining the allowance 5 per cent "the trouble and time expended in the management of the business shall be considered."

In *Peyton v. Smith,* 22 N. C., at p. 348-9, we find: "The defendant's exceptions, relate to the *quantum* of commissions allowed to the executor; to the subject-matter of commissions, and the mode of computation. It is so difficult for this Court to ascertain, by any means in its power, what is the reasonable rate of commissions called for in any case, by the nature of the services, labor, and responsibility of the trustee, that it is much disposed, in general, to rely, in this respect, on the judgment of the master. In this case however, the Court perceived a safer guide for the exercise of its discretion, and will follow that guide. It appears that, on one occasion, when the accounts of the executor were audited in the county court of Warren, and when the auditors recommended that

there should be allowed to the executor a commission of 5 per centum on his receipts, and 5 per centum on his disbursements, the court, nevertheless, ordered that his commission should be limited to 4 per cent, on each. The Court, therefore, overrules the allowance of 5 per cent as made by the master, and sanctions the rate established by the county court."

The general rule in small estates is an allowance of 5 per cent on receipts and 5 per cent on what is termed technical disbursements, but under the statute "the trouble and time expended in the management of the business shall be considered." There seems to be no hard and fast rule in regard to the commission "not exceeding 5 per centum." Technical disbursements "forbid commissions on the payment of legacies and distributive shares. *Potter v. Stone,* 2 Hawks, 30; *Clarke v. Cotton,* 2 Dev'xs. Eq. Rep'ts, 51." *Bank v. Bank,* 126 N. C., 539-40.

We set forth the general principle of law which governs the controversy in this action. In *Trust Co. v. Lentz,* 196 N. C., at p. 406, we find: "In view of the position taken by some of the parties that the judge was without authority to change the report of the referee—the reference being by consent—it is sufficient to say that, in a consent reference, as well as in a compulsory one, upon exceptions duly filed, the judge of the Superior Court, in the exercise of his supervisory power and under the statute, may affirm, amend, modify, set aside, make additional findings and confirm, in whole or in part, or disaffirm, the report of a referee. *Contracting Co. v. Power Co.,* 195 N. C., 649, 143 S. E., 241; *Mills v. Realty Co., ante,* 223, 145 S. E., 26." C. S., 578, 579; *Wallace v. Benner,* 200 N. C., at p. 129-30.

We find in *Thompson v. Smith,* 156 N. C., at p. 346, citing numerous authorities, the following: "We have said that where the evidence has been considered by the referee and by the judge, upon exceptions to the referee's findings, we will not review the judge's conclusions as to them, because the appellant has had two chances, and when two minds—one at least, and perhaps both professionally trained and accustomed to weigh evidence and to compare and balance probabilities as to its weight—arrive at the same conclusion, there is a strong presumption in favor of its correctness, or the same is true, even when the judge differs from the referee as to his findings, and we may safely rely on its correctness. The referee is selected, in such cases, in place of a jury, and the judge so acts when he reviews the referee. If there is any evidence to support the findings and no error has been committed in receiving or rejecting testimony, and no other question of law is raised with respect to the findings, we accept what the judge has found as final, as we do in the case of a jury." *Caldwell v. Robinson,* 179 N. C., at p. 521; *Wallace v. Benner, supra.*

HARVEY AND CO. *v.* ROUSE.

It is well settled that the burden is on appellant to show prejudicial or reversible error and he must show material and prejudicial error amounting to denial of substantial justice.

We have heard the arguments and read the record and the well and ably prepared briefs on both sides of this controversy. We see no reason why the judgment of the court below should be disturbed. The judgment of the court below is

Affirmed.