SALLIE JOHNSON AND HUSBAND, DAN J. JOHNSON, ALICE GUIN AND HUSBAND, W. C. GUIN, MARVIN JOHNSON, WILL McMILLAN, GORDON LEE McMILLAN, J. W. McMILLAN, HOYETTE McMILLAN, ALBERTA FURR AND HUSBAND, JOHN FURR, ELLEN KATE McMILLAN, SARAH MARGARET McMILLAN, EDITH McMILLAN, ROSSER McMILLAN AND ETHELEEN JOHNSON, THE LAST FOUR NAMED DEFENDANTS ARE MINORS AND ARE REPRESENTED BY THEIR NEXT FRIEND, WILL McMILLAN, v. J. C. HARDY, E. H. LORENSON, D. McCRIMMON AND ARTHUR D. GORE, TRUSTEE (ORIGINAL PARTIES DEFENDANT), AND W. DUNCAN MATTHEWS (ADDITIONAL PARTY DEFENDANT).

(Filed 13 December, 1939.)

1. **Executors and Administrators § 30c: Parties § 1—Beneficiaries may maintain action for wrongful dissipation of assets against administrator and those profiting by alleged collusion.**

Plaintiff beneficiaries instituted this action alleging that the administrator of the estate, pursuant to a fraudulent scheme, sold notes representing the purchase price of lands sold by testatrix prior to her death, and the deed of trust securing same, belonging to the estate, for a grossly inadequate sum, that the purchaser of the notes caused the deed of trust to be foreclosed and bid in the land at the sale and assigned his bid, and that the assignee, to whom the trustee executed deed, had full knowledge of all the facts. Plaintiffs prayed that the sale of the deed of trust and the notes secured thereby, the foreclosure and the trustee's deed, all be set

aside and that they be declared the owners of the notes and deed of trust as beneficiaries of the estate. *Held:* C. S., 135, authorizes suits by the beneficiaries of an estate as well as by creditors thereof against the personal representative for wrongful dissipation of assets of the estate, and their action to recover the assets is not precluded by the fact that the person allegedly doing the wrong causing the loss was at the time administrator of the estate, and defendant's motion to dismiss on the ground that the action was not brought in the name of the real party in interest should have been overruled.

2. Same—

In an action by the beneficiaries to recover assets of the estate alleged to have been wrongfully dissipated by defendant administrator to the profit of the other defendants alleged to have been in collusion with him, the fact that the administrator had been discharged will not preclude plaintiff's right to maintain the action for want of a personal representative to administer any recovery that might be had, since the court has power by proper action to safeguard the rights of all parties. C. S., 135.

APPEAL by plaintiffs from *Harris, J.,* at July Term, 1939, of HOKE. Reversed.

Judgment was rendered on the pleadings. After hearing the complaint and the several answers read, the court, on motion of defendants, dismissed the action because it was not prosecuted in the name of the real party in interest. Plaintiffs appealed.

*Gavin & Jackson for plaintiffs, appellants.*
*H. W. B. Whitley and W. R. Clegg for J. C. Hardy.*
*H. F. Seawell, Jr., and W. Duncan Matthews for Lorenson and Mc-Crimmon.*

DEVIN, J.    Plaintiffs are the heirs at law, next of kin and beneficiaries under the will of Catherine E. Johnson, who died in May, 1930. The defendant McCrimmon was appointed administrator of the estate of decedent in 1931. It was admitted that in 1930, prior to her death, Catherine E. Johnson conveyed to W. L. Jones a tract of land containing 79 acres, and that Jones and wife executed a deed of trust conveying the land to Arthur D. Gore, trustee, to secure the payment of five notes aggregating $1,500, payable to Catherine E. Johnson, representing the purchase price of the land.

The material allegations of the complaint, briefly stated, are as follows: After the death of Catherine E. Johnson, W. L. Jones, being unable to pay the debt, and without having paid anything thereon, surrendered possession of the land to the plaintiffs, who are now in possession thereof. In 1935, at the instance of defendant McCrimmon, an order of court was entered directing Arthur D. Gore, trustee, to sell the land for the payment of the debt, and, pursuant thereto, sale was made,

and plaintiff Sallie Johnson became the last and highest bidder for the land at $675, the date of the last sale being 15 February, 1936. Report of sale was filed with the court. No order was made confirming the sale or ordering resale. It is alleged that, while plaintiff's bid was pending, defendants McCrimmon and Lorenson, with the aid of defendant Matthews, who was attorney for both, colluding and conspiring together to deprive the plaintiffs of their property and rights, effected a sale by defendant McCrimmon to defendant Lorenson of the $1,500 notes and deed of trust for the wholly inadequate sum of $100; that the notes secured by the deed of trust were worth their face value and the makers were otherwise solvent; that as soon as the notes and deed of trust were thus wrongfully disposed of by defendant McCrimmon in breach of his trust and acquired by defendant Lorenson, these defendants procured the sale of the land under the deed of trust, Gore, the trustee, being imposed upon and the sale conducted by defendant Matthews; that the land was bid off at the last mentioned sale by defendant Lorenson at the purported price of $1,000, and his bid was assigned to defendant Hardy, who was a party to the scheme and who took deed to the land with knowledge of the collusion and trickery alleged, Hardy paying Lorenson $400 therefor; that defendant Hardy is now seeking to eject the plaintiffs from the land under the deed so obtained, and has cut and removed $400 worth of timber from the land.

The defendant Arthur Gore admitted in his answer that he signed the deed to defendant Hardy "at the request and under the advice of W. D. Matthews, the attorney who handled said foreclosure sale; but that this defendant (Gore) neither individually nor as trustee ever undertook in any way or manner to conduct any of the proceedings effecting the conveyance of the land, nor handled any of the cash purported to have been obtained for either said land or any personalty involved therein."

Plaintiffs allege that the debts of the estate were of insignificant amount, and that there were other assets sufficient to have paid them. The plaintiffs allege further that by the fraud and collusion between defendants McCrimmon and Lorenson, aided by defendant Matthews and participated in by defendant Hardy, they have been wrongfully deprived of $1,500 worth of property, to which, as distributees and beneficiaries of Catherine E. Johnson, they were justly entitled. Plaintiffs pray that the purported sale of the notes and deed of trust be declared void and of no effect, and that plaintiffs be declared the owners of and entitled to same; that the purported sale of the land and deed signed by Gore, trustee, be declared void and set aside, and that defendants be restrained from proceeding thereunder.

Upon these allegations in the complaint and admissions in the answer, we think the court below was in error in dismissing the action. The

statute, C. S., 135, contains this provision: "In addition to the remedy by special proceeding, actions against executors, administrators, collectors and guardians may be brought originally to the Superior Court at term time; and in all such cases it is competent for the court in which said actions are pending to order an account to be taken by such person or persons as said court may designate, and to adjudge the application or distribution of the fund ascertained, or to grant other relief, as the case may require."

This statute applies to suits by beneficiaries as well as by creditors. *Fisher v. Trust Co.,* 138 N. C., 90, 50 S. E., 592. It was said in *Leach v. Page,* 211 N. C., 622, 191 S. E., 349: "There is under our system of code pleading, nothing to prevent the beneficiaries from bringing action in the Superior Court. C. S., 135. The distributees of an estate may bring suit originally in the Superior Court against the administrator for an accounting and for breach of his bond."

The plaintiffs should not be debarred from bringing this suit to assert their rights and to prevent further wrongs because the person, whose wrongdoing is alleged to have caused the loss complained of, was at the time the administrator of the estate. The purpose of this suit is to require the restoration to them, or for their benefit, of property alleged to have been wrongfully and fraudulently dissipated by defendant McCrimmon while acting as administrator, and for relief against those who in collusion with him profited thereby and obtained in an unconscionable manner property which justly belongs to the beneficiaries of the estate. *Thigpen v. Trust Co.,* 203 N. C., 291, 165 S. E., 720; *S. v. McCanless,* 193 N. C., 200, 136 S. E., 371.

It is not alleged that the defendant McCrimmon has filed his final account, though it is stated in his answer that he has been discharged. However, the plaintiffs' right to bring this action will not be denied for lack of a personal representative to administer the property if recovered. The court has power by proper action to safeguard the rights of all parties. C. S., 135; *S. v. McCanless, supra.*

While the material facts alleged by plaintiffs are denied in the answers, for the purpose of this appeal we are concerned chiefly with the allegations contained in the complaint in order to determine whether upon these allegations the action can be maintained. We conclude that the ruling of the court below must be held for error, and the judgment dismissing the action

Reversed.