COY G. SMITH v. J. J. GIBBONS.

(Filed 21 September, 1949.)

**1. Pleadings § 2—**

The word "transaction" as used in G.S. 1-123 (1) means something which has taken place whereby a cause of action has arisen, either *ex contractu* or in tort; and the term "subject of action" as used in this statute means the thing in respect to which plaintiff's right of action is asserted.

**2. Same—Cause ex contractu and causes in tort held not to have arisen from same transaction nor transactions connected with same subject of action.**

A cause of action to recover the balance of compensation due plaintiff under an express contract of employment is improperly united with a cause of action to recover damages for assault committed by defendant upon plaintiff when he visited the office of the defendant to discuss the matter, and a cause of action to recover damages for false imprisonment of plaintiff by defendant growing out of the assault, since the action *ex contractu*

is asserted in respect to the contract of employment and arose out of the wrongful breach thereof by defendant, while the causes of action in tort are addressed to the violation of right of liberty and security of person, constituting a different subject of action and arising out of a different transaction, *i.e.*, the infliction of personal injuries; but the causes of action in tort may be properly joined since they arose at the same time out of the same transaction, and further, relate to injuries to the person.    G.S. 1-123 (3).

**3. Pleadings § 19b—**

Where there is a misjoinder of causes of action alone, the action need not be dismissed upon demurrer, but the court is authorized to divide the action for separate trials.    G.S. 1-127 (5), G.S. 1-132.

APPEAL by defendant from *Morris, J.,* at the February Term, 1949, of WILSON.

The complaint states these three causes of action: (1) A cause of action to recover the remainder of the stipulated compensation due plaintiff by defendant for personal services rendered before 18 November, 1947, under an express contract of employment made by the parties in "the early part of the year 1947"; (2) a cause of action to recover damages for an assault committed upon plaintiff by defendant on 18 November, 1947, when plaintiff visited the office of the defendant in Wilson, North Carolina, "for the purpose of discussing the balance of money to be paid to the plaintiff" upon the express contract mentioned in the first cause of action; and (3) a cause of action to recover damages for false imprisonment of plaintiff by defendant accompanying the assault forming the basis of the second cause of action.

The defendant demurred to the complaint in the court below for misjoinder of the causes of action, and the court overruled the demurrer. The defendant appealed, assigning this ruling as error.

*Sharpe & Pittman and Robert A. Farris for plaintiff, appellee.*
*Connor, Gardner & Connor for defendant, appellant.*

ERVIN, J.    The complaint states three causes of action, and the question arises, Are they improperly united?    G.S. 1-127 (5).

The first cause of action arises on a contract, and the second and third causes of action arise in tort.    Hence, they could not have been united in the same complaint at common law.    McIntosh: North Carolina Practice and Procedure in Civil Cases, section 420.    Besides, it is apparent that the joinder of the first cause of action with the second and third causes of action is not even sanctioned by the Code of Civil Procedure unless they fall within the purview of the section providing that "the plaintiff may unite in the same complaint several causes of action, of legal or

equitable nature, or both, where they all arise out of the same transaction, or transactions connected with the same subject of action." G.S. 1-123 (1); *Cedar Works v. Lumber Co.,* 161 N.C. 603, 77 S.E. 770; *Hawk v. Lumber Co.,* 145 N.C. 48, 58 S.E. 603; *Reynolds v. R. R.,* 136 N.C. 345, 48 S.E. 765; *R. R. v. Hardware Co.,* 135 N.C. 73, 47 S.E. 234; *Daniels v. Baxter,* 120 N.C. 14, 26 S.E. 635; *Benton v. Collins,* 118 N.C. 196, 24 S.E. 122; *Hodges v. R. R.,* 105 N.C. 170, 10 S.E. 917.

The word "transaction," as employed in this section, means something which has taken place whereby a cause of action has arisen, and embraces not only contractual relations but also occurrences in the nature of tort. *Stark County v. Mischel,* 33 N.D. 432, 156 N.W. 931. See, also, in this connection: *Cheatham v. Bobbitt,* 118 N.C. 343, 24 S.E. 13, and 1 Am. Jur., Actions, section 85. The term "subject of action," as used in the same statute, denotes "the thing in respect to which the plaintiff's right of action is asserted, whether it be specific property, a contract, a threatened or violated right, or other thing concerning which an action may be brought and litigation had." *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614.

When the complaint is tested by these principles, it is plain that the action *ex contractu* and the two actions *ex delicto* set forth therein did not arise out of the same transaction, or transactions connected with the same subject of action. The plaintiff's first cause of action is asserted in respect to his contract of employment, and arose out of the wrongful breach of such contract by defendant. His second and third causes of action are addressed to a different subject of action, *i.e.,* his violated right of liberty and security of person, and arose out of a different transaction, *i.e.,* personal injuries inflicted upon him by defendant. Thus, it appears that the cause of action based on contract and the two causes of action founded on tort are improperly united. *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382.

This conclusion does not necessarily compel a dismissal of the action. The judge of the Superior Court is authorized by statute to divide an action on the docket for separate trials in cases where there is a mere misjoinder of causes of action. G.S. 1-132; *Pressley v. Tea Co., supra.*

If this course should be taken by the judge of the Superior Court in this instance, the causes of action for assault and false imprisonment might well be tried together. They arose at the same time out of the same transaction. Moreover, their joinder is permitted by the statutory provision authorizing a plaintiff to unite in the same complaint several causes of action arising out of injuries to the person. G.S. 1-123 (3).

For the reasons given, the judgment overruling the demurrer is
    Reversed.