VAN K. DAVIS AND JEAN D. ADAMS v. WILLIAM DAVIS AND J. BOYD DAVIS AS EXECUTORS AND INDIVIDUALLY.

(Filed 22 May, 1957.)

**1. Tenants in Common § 4—**

Tenants in common may not maintain a joint action against their cotenants for an accounting of rents and profits.

**2. Executors and Administrators § 31—**

An action to compel executors to account and make settlement is a suit in the nature of a creditor's bill, and the executors are jointly liable and each is a necessary party defendant, and all persons interested in the settlement of the estate, creditors as well as beneficiaries, are at least proper parties, and in some instances may be necessary parties.

**3. Pleadings § 19b—**

Plaintiffs, heirs at law, instituted action against defendants for an accounting of rents and profits of lands in which both plaintiffs and defendants were tenants in common; against defendants as executors of the estate of plaintiffs' grandfather for accounting and settlement of that estate; and against one defendant as executor of the estate of plaintiffs' grandmother, without the joinder of the other executor of that estate, for an accounting of the estate of plaintiffs' grandmother. *Held:* Demurrer for misjoinder of parties and causes should have been allowed and the action dismissed.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Carr, J.*, October 1956 Term of WARREN.

Defendants demurred to the complaint for misjoinder of parties and causes of action. The court, being of the opinion that there was a misjoinder of causes but not a misjoinder of both causes and parties, entered judgment directing a reframing of the complaint and a separation of the differing causes of action. Defendants appealed.

*Blackburn & Blackburn and Kerr & Kerr for plaintiff appellees.*

*William W. Taylor, Jr., and Charles T. Johnson, Jr., for defendant appellants.*

RODMAN, J.   The complaint does not contain that plain and concise statement of fact contemplated by the statute, G.S. 1-122(2).

The complaint is not divided into causes of action.   By rearrangement it states facts set out below as the basis for the relief sought.

First cause of action.

(1) Plaintiffs are grandchildren of Bennie K. Davis, who died testate 3 January 1950.   Sallie Davis Burton and John Boyd Davis are named as executors of her will.   (The will is not attached to nor made part of the complaint.   Neither the date of probate nor qualification of executors is shown.)

(2) Bennie K. Davis owned a farm of 2,420 acres which she devised to her husband for his life.   He died 25 October 1951.   Upon the death of their grandfather, plaintiffs were the owners by inheritance of an undivided one-fourth in this farm and entitled to possession.   The defendants farmed the land in 1952 to the exclusion of plaintiffs.

Plaintiffs seek to recover of defendants as individuals and not as executors the sum of $2,631.75, the asserted fair rental value of their share of the farm.

Second cause of action.

(1) Plaintiffs are, by inheritance, entitled to one-fourth of the estate of their grandfather J. B. Davis, who died testate 25 October 1951.   Defendants are executors of his will.   (The will is not attached.   Its provisions are not disclosed.   The date of probate is not shown nor is the date when defendants qualified.)

(2) J. B. Davis, at his death, owned valuable farming implements, harvested crops consisting of hay and corn, which the defendants, as executors, have refused to account for.

(3) Defendants, as executors, have collected rent from W. R. Drake and Carolina Telephone & Telegraph Company for the use of lands of their testator.   Defendant William Davis has occupied land of his testator for which he owes rent and for which he is accountable to the executors.   Defendants, as executors, have failed to exercise diligence in renting other properties of their testator.   None of the rents collected or which should have been collected have been accounted for by the executors of J. B. Davis.

(4) A penalty was imposed on the estate of J. B. Davis because of the failure of the executors to file inheritance tax returns in due time.

(5) Payments have been made from the estate to William Davis, one of the executors, to which he is not entitled.

(6) More than four years has elapsed since the death of J. B. Davis. No accounts have been filed by the defendants as executors of his estate.

Plaintiffs pray for an accounting and settlement of the estate of J. B. Davis.

Third cause of action.

(1) Bennie K. Davis died testate 3 January 1950. Plaintiffs, as her heirs, are entitled to a share in her estate.

(2) The executors named in the will of Bennie K. Davis are defendant J. Boyd Davis and Sallie Davis Burton, who is not a party.

(3) More than four years has elapsed since the death of Bennie K. Davis. No accounts have been filed by the executors. Plaintiffs seek an accounting and settlement of the estate of Bennie K. Davis.

It is manifest that plaintiffs have stated separate and unrelated causes of action which ought not to have been joined in a single action. *Johnson v. Scarborough,* 242 N.C. 681, 89 S.E. 2d 420; *Smith v. Gibbons,* 230 N.C. 600, 54 S.E. 2d 924; *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614.

Is there also a misjoinder of parties? When we consider who are proper parties, it is, we think, apparent that there is likewise a misjoinder of parties.

The first cause of action is by tenants in common against other tenants in common for an accounting. The claim is based on concerted action by the defendants. Hence, it was proper to sue the defendants individually to seek an accounting, but the right of Van K. Davis to an accounting by his cotenants is in nowise related to the right of Jean D. Adams to an accounting. *McPherson v. McPherson,* 33 N.C. 391, is decisive. As to this cause of action there is a misjoinder of parties plaintiff.

The second cause of action is for an accounting and settlement of the estate of J. B. Davis. Executors are required to file annual accounts. G.S. 28-117. They may be required to file their final account at the expiration of two years from their qualification. G.S. 28-121.

Proceedings to compel a settlement may be begun before the clerk or an action may be instituted in the Superior Court. G.S. 28-147. An action to compel the executors to account may be instituted by a legatee or heir. *S. v. Griggs,* 223 N.C. 279, 25 S.E. 2d 862; *Johnson v. Hardy,* 216 N.C. 558, 5 S.E. 2d 853; *Leach v. Page,* 211 N.C. 622, 191 S.E. 349; *Thigpen v. Trust Co.,* 203 N.C. 291, 165 S.E. 720; *Fisher v. Trust Co.,* 138 N.C. 90; *Neal v. Becknell,* 85 N.C. 299.

An action to compel an executor to account and make settlement is necessarily a suit in the nature of a creditor's action. *Dobson v. Simonton,* 93 N.C. 268; *Pegram v. Armstrong,* 82 N.C. 326; *Ballard v. Kilpatrick,* 71 N.C. 281. Executors are jointly liable for maladministration. They are necessary parties. All others interested in the settle-

ment of the estate—creditors of the testator, as well as his legatees and other beneficiaries of the estate—are at least proper parties and in some instances may be necessary parties.

It is apparent that creditors of the estate of J. B. Davis are not connected with or interested in the claims asserted by plaintiffs against defendants individually for an accounting for the rents of properties held by them as cotenants nor are they interested in the settlement of the estate of Bennie K. Davis.

One of the executors of the will of Bennie K. Davis is not a party. She is a necessary party. William Davis is not an executor of the will of Bennie K. Davis. He cannot be required to account for the administration of her estate. What interest, if any, he may take under her will is not made to appear. The creditors, if any, of the estate of Bennie K. Davis are entitled to be heard with respect to the settlement of that estate. They are proper parties and may become necessary parties. The parties interested in the settlement of the estate of Bennie K. Davis have no interest in or connection with the first or second causes of action.

There is misjoinder of parties and causes of action. *Davis v. White-hurst*, 229 N.C. 226, 49 S.E. 2d 394; *Smith v. Land Bank*, 213 N.C. 343, 196 S.E. 481; *Vollers Co. v. Todd*, 212 N.C. 677; *Williams v. Gooch*, 206 N.C. 330, 173 S.E. 342; *Bickley v. Green*, 187 N.C. 772, 122 S.E. 847.

The court should have sustained the demurrer and dismissed the action for misjoinder of parties and causes.

Reversed.

PARKER, J., took no part in the consideration or decision of this case.